# Southern Railway Co. *v.* Lynn.

·128  297
f129  660

*Action against Railroad Company by Passenger to recover Damages for being ejected from Train.*

1. *Action against railroad company for ejecting passenger; defense should be presented under proper plea.*—In an action against a railroad company by a passenger to recover damages for being wrongfully ejected from defendant's train, where the only pleas interposed were the general issue and a special plea setting up that the plaintiff was ejected on account of boisterous conduct, and the evidence showed that the plaintiff had paid his fare, and that in order for the plaintiff to reach his destination it was necessary for him to change cars from the main line to the branch line, all questions as to the duty of plaintiff, after having paid his fare from the place where he boarded the defendant's train on the main line to his destination to the conductor of the train on the main line, to obtain a check or other evidence of such payment from the conductor, is foreign to the issues presented in the pleadings, and the evidence in reference thereto is inadmissible, and written charges requested by the defendant predicated upon the theory that it was plaintiff's duty to have gotten such check or other evidence of payment, are properly refused. Such facts to be available as a defense should be presented by a proper plea.

2. *Same; charge assuming plaintiff to be a trespasser properly refused.*—In an action against a railroad company by a passenger to recover damages for being wrongfully ejected from defendant's train, where the evidence shows that after the plaintiff was ejected he could not reach his des-

tination on foot without having to wade a creek, except by travelling over defendant's track, the fact that he did walk along defendant's track and cross the trestle, over the track in question, does not make the plaintiff a trespasser; and a charge which assumes that the plaintiff was a trespasser is properly refused.

3. *Misleading charges* are properly refused.

4. *General charge of court to jury should be considered as a whole.* The general oral charge of the court to the jury should be considered and construed as a whole, and in connection with the evidence; and if when so considered it asserts a correct proposition of law applicable to the evidence in the case, the fact that a part of said charge, when disconnected, may be erroneous, will not work a reversal of the judgment.

5. *Action against railroad company for ejectment of passenger.* In an action against a railroad company by a passenger, to recover damages for being wrongfully ejected from the defendant's train, where the only pleas interposed were that of the general issue and a special plea setting up that the plaintiff was ejected on account of his boisterous conduct on the train, evidence relating to the boisterous conduct of other persons than the plaintiff, or showing that there was a subsequent difficulty between the conductor who ejected the plaintiff and the plaintiff, is wholly irrelevant and immaterial.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action brought by the appellee against the Southern Railway Company to recover damages alleged to have been sustained by the unlawful ejectment of plaintiff, while a passenger on one of the trains of the defendant. The complaint as originally filed contained two counts, demurrers to which were overruled. The third count of the complaint, which was added by amendment, averred that the defendant was operating a railroad as a common carrier, and then averred that on October 1, 1898, the defendant contracted for hire to safely convey the plaintiff on its cars from the town of Brookside, a station on its road, to Blossburg, a station on defendant's branch road, running from Cardiff Tunnel or Fish Trap Tunnel, (the station where the branch road connected with the main line), to Blossburg; that the plaintiff paid his fare from Brookside

to Blossburg, and was conveyed by defendant from Brookside to Fish Trap Tunnel or Cardiff Tunnel, where it became necessary for him to change cars to another of the defendant's trains running from Cardiff Tunnel to Blossburg. The third count of the complaint then averred as follows: "and after plaintiff had so transferred and gotten upon the said last named train, and had proceeded on towards Blossburg some distance, to-wit, 150 yards, the conductor demanded of plaintiff to pay his fare; whereupon plaintiff informed said conductor that he had paid his fare to the conductor on the main line; from Brookside to Blossburg, and had a right to be carried to Blossburg without further pay; but the defendant, not regarding its promise and undertaking to carry plaintiff to Blossburg, to which point he had already paid his fare, demanded further payment of plaintiff in a harsh, offensive and insolent manner, and upon plaintiff's refusal to make such payment, required plaintiff to leave said car, by reason whereof he was compelled to walk a long distance, to-wit, a mile and a half over a rough road and over a high trestle, and upon a warm and sultry day, to get to Blossburg, and he was put to inconvenience and discomfort in walking over said road, and was subjected to anxiety and solicitude in walking over said trestle, and he was greatly humiliated in his feelings, and hurt in his pride by being thus exposed to the other passengers on the car as a person who was trying to beat his way on the train, to his damage $500 as aforesaid, wherefore he brings this suit."

Demurrers were interposed to the complaint as amended, on the ground that the averments in each of said counts was indefinite and uncertain, and do not show that the plaintiff was made to leave the defendant's car because of the fact that he refused to pay his fare. These demurrers were overruled. The defendant pleaded the general issue, and the following special plea: "2. For further plea the defendant says that on the occasion mentioned in said complaint the plaintiff, with others, to-wit, David Lynn and Archie Pollock, boarded the train of the defendant at Cardiff Tunnel to go to Blossburg, and that after they had so

boarded said train, they were disorderly or boisterous thereon, and on account of their disorderly conduct they were ejected from said train by the conductor, and among those ejected for. said reason was the plaintiff in this cause, wherefore defendant says that it is not liable in this action in damages to the plaintiff."

As stated in the opinion, every material averment of the complaint except the one as to the rude manner in which the plaintiff was ejected from the cars, was sustained by the uncontroverted evidence in the case.

There was evidence for the plaintiff tending to show that one Luster was the conductor on the train of the defendant running on its main line the day in question, when the plaintiff was a passenger thereon; that the plaintiff boarded the train at Brookside and paid his fare to Blossburg; that when the train passed Fish Trap Tunnel or Cardiff Tunnel, as it is sometimes called, the plaintiff, together with several companions, got off of the train; that as the plaintiff and his companions and the other passengers got off the train at Cardiff Tunnel, the said Luster stated to Mr. Carr, who was the conductor on the branch road, that some of them had tickets and some of them had checks and some had nothing, meaning thereby that all had paid the fare, but that he did not know whether the conductor on the branch road heard or understood what he said. This witness further testified that when the plaintiff paid him his fare he did not give him a check or ticket.

R. F. Carr, who was examined as a witness for the defendant, testified that he was the conductor on the branch road running from Cardiff Tunnel or Fish Trap Tunnel to Blossburg on the day the plaintiff was put off the train, and that he did not hear the conductor on the train on the main line say that the plaintiff had paid his fare. During the examination of the witness Carr, he was asked the following question: "If the two Lynn boys and Pollock (who were on the train on the day in question) made an attack on you shortly after that?" The plaintiff's counsel objected to this question, the court sustained the objection, and the defendant duly excepted.

[Southern Railway Co. v. Lynn.]

During the examination of David Lynn as a witness for the plaintiff, he testified that he was a brother of the plaintiff, and further testified that the plaintiff paid his fare from Brookside to Blossburg, and that the conductor gave him no ticket or check.     Thereupon the plaintiff's counsel asked the witness the following question:     "State to the jury whether it is customary for the conductor on the main line to receive the fare from Brookside to Blossburg without furnishing any check to the passenger?"     The defendant objected to this question, on the ground that it was illegal, irrelevant and immaterial, the court overruled the objection, and the defendant duly excepted.     This witness, further testifying, described the place he boarded the train on the branch road after getting off the train on the main line.     He was then asked by the plaintiff to state whether or not passengers frequently got on where he got on.     The defendant objected to this question and duly excepted to the court's overruling its objection. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The defendant separately excepted to several different parts of the court's oral charge to the jury, but it is unnecessary to set these charges out *in extenso.*

The defendant requested the court to give to the jury several charges having reference to the plaintiff's duty to have required a check or other evidence of payment of fare by him to the conductor, on the main line; and duly excepted to the court's refusal to give each of such charges as asked.     The defendant also requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as requested:     (6.) "Exemplary or punitive damages can not be recovered in this case."     (7.) "No damages can be recovered by reason of plaintiff's walking to his destination along and over the track and trestle o f defendant's railroad; such act being purely voluntary, and being further an act of trespass on defendant's property."     (10.) "The court charges the jury that if they believe from the evidence that the only fault and negligence in the case is the fault or

negligence of conductor Luster in not giving plaintiff a check or other evidence of the payment of fare, or in not properly notifying Carr of such payment, your verdict should be for the defendant." (11.) "If you believe from the evidence that conductor Luster alone was negligent in not doing what was reasonably necessary to inform conductor Carr that plaintiff had paid his fare, your verdict should be for the defendant." (14.) "You can not find a verdict for the plaintiff by reason of anything that conductor Luster did or failed to do." (15.) "The jury may, in their sound judgment and guided by the evidence in this case, if they should conclude to find for the plaintiff, assess only nominal damages, such as one cent or one dollar."

There were verdict and judgment assessing plaintiff's damages at $100. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY, for appellant.—Appellant asked for the general affirmative charge, on the theory that conductor Carr was not bound to accept the plaintiff's statement that he had paid fare, but had the right, in the absence of direct official evidence of some kind of the payment of the fare by the plaintiff, to eject him on plaintiff's refusing to pay. We think the authorities support this proposition.—*McGehee v. Reynolds,* 117 Ala. 413; 23 So. Rep. 68; *R. R. Co. v. Huffman,* 76 Ala. 492; *Frederick v. Marquette, etc. R. R. Co.,* 37 Mich. 342; *Townsend v. R. R. Co.,* 56 N. Y. 295; *Yorton v. R. R. Co.,* 54 Wis. 239; *Bradshaw v. R. R. Co.,* 155 Mass. 407; *R. R. Co. v. Bennett,* 1 C. C. A. 544; *Paulin v. R. R. Co.,* 3 C. C. A. 23. See also authorities in note to *Western Md. R. R. Co. v. Stockdale,* 4 Am. & Eng. R. R. Cases. (New Series), 510, 515.

LANE & WHITE, *contra.*—The plaintiff was entitled to recover. The fact that he had no check or other evidence showing that he had paid his fare was no rea-

son for his being ejected.   The payment of his fare entitled him to be carried to his destination.—*R. R. Co. v. Winters, Admr.,* 143 U. S. 60; *Laird v. Traction Co.,* 166 Pa. St. 4; *Ry. Co. v. Mackie,* 9 S. W. 451; *Hufford v. R. R. Co.,* 64 Mich. 634; *Head v. Ry. Co.,* 79 Ga. 358; *Sloan v. R. R. Co.,* 44 Pacific, 320; *R. R. Co. v. Gaines,* 36 S. W. 174; *L. & N. R. R. Co. v. Whitman,* 79 Ala. 328, and cases cited; *East Tenn., Va. & Ga. R. R. Co. v. Lockhart,* 79 Ala. 315.

DOWDELL, J.—The complaint contained three counts, to which the defendant filed two pleas, the first being the plea of not guilty, which was a denial of the material allegations of the complaint (Code, § 3295); the second was a special plea setting up independent matter in avoidance of plaintiff's right of recovery. Every material allegation of the complaint, except the averment as to the rude manner in which the plaintiff was ejected from the cars, was sustained by the uncontradicted evidence in the case.   The testimony was in conflict as to the matter set up in the second plea, which was that the plaintiff was ejected on account of improper behavior and boisterous conduct on the train. The question as to the duty of plaintiff, after having paid his fare from Brookside to Blossburg to the conductor on the main line of defendant's railroad, to obtain a check or other evidence of such payment from such conductor, was foreign to the issues presented under the pleadings as made up by the parties.   It was plainly the duty of the defendant, after having received the plaintiff's fare for transportation from the station of Brookside, where he boarded the defendant's train, to Blossburg, the destination of his journey, to have transported him safely to such destination without requiring additional compensation.   If, by reason of a change of cars at Cardiff from the defendant's main line to a branch line of said defendant running to Blossburg, the rules and regulations of the defendant company required passengers making such changes in cases where the fare had been paid from a point on the main line to a point on the branch line, to the main line conductor, to hold checks or other evidence of such

payment of fare to the main line conductor to be presented to the conductor of the branch line, then, such matter, to be available as a defense, should have been presented under a proper plea. This was not done in the present case, and therefore such matter was irrelevant under the pleading. Written charges requested by the defendant, predicated upon the theory that it was the plaintiff's duty to hold such written check, or other evidence of payment of fare by him to the conductor on the main line, were properly refused.

There was evidence tending to show that the plaintiff could not reach his destination, Blossburg, on foot without having to wade a creek, except by traveling over defendant's track. Certainly under these circumstances, after having been wrongfully ejected from the train, and by the defendant put down upon its track, he could not be held a trespasser. Written charge No. 7 requested by the defendant, which assumed that the plaintiff was a trespasser, was properly refused. Charge No. 15 was misleading in its tendencies, and no error resulted in its refusal by the court.

Certain portions of the oral charge of the court were excepted to by the defendant, but when taken in connection with other portions, and considered as a whole, we think the charge is free from reversible error. The court might have properly omitted in its instructions to the jury any reference to the corresponding duties of the passenger and the defendant company upon the subject of checks, or other evidence of payment of fare to the first conductor, since this was not within the issues under the pleadings, though discussed by counsel on both sides. The bill of exceptions does not show any written charge given by the court at the request of the plaintiff. There is, however, such a charge copied into the transcript, but charges given or refused will not be reviewed by this court unless presented by the bill of exceptions.

It was a conceded fact, at least not disputed, that the plaintiff paid his fare to the main line conductor from Brookside to Blossburg, consequently the admission of the testimony by the witness David Lynn as to the custom of the main line conductor in receiving fare from

[Louisville & Nashville Railroad Co. v. York, Admrx., etc.]

passengers from Brookside to Blossburg, if error, was error without injury, since under the pleading, the issue on this point was one only of payment of fare *vel non*. For like reason, we think no injury resulted from the ruling of the court in admitting the testimony of this witness to the effect, that it was customary for passengers to get on the train at Fish Trap Tunnel, where he got on, besides, this was in rebuttal of irrelevant evidence on behalf of the defense.

On the issue presented by defendant's plea No. 2, we think the boisterous conduct of the other persons than the plaintiff, or subsequent difficulties between the conductor of the branch line and the plaintiff, were wholly irrelevant and immaterial, and the court committed no error in not permitting this to be shown in evidence.

The complaint as amended sufficiently stated a good cause of action.

The judgment of the city court is affirmed.