# Marsicano *v.* Phillips.

### *Breach of Contract.*

(Decided November 26, 1912. 60 South. 553.)

1. *Appeal and Error; Review; Presentation; Instructions.*—Where it nowhere affirmatively appears from the transcript that the charges were separately requested or that they were requested in writing, or requested before the jury retired, and the transcript contains no bill of exceptions, the rulings on instructions cannot be reviewed.

2. *Same; Ruling on Motion.*—In order to be available as a predicate for assignment of error, the ruling by the court on the motion to strike parts of the complaint must be presented by bill of exceptions.

3. *Pleading; Motion to Strike; Damages Not Recoverable.*—To reach averments in the complaint claiming damages not recoverable, the proper method is either by motion to strike such averments or objection to evidence offered in support of such claim, or by special instructions, and not by demurrer.

4. *Same; Itemizing Damages.*—In an action for breach of contract of rental the complaint need not itemize each claim as to damages, that being a matter of evidence and not allegation.

5. *Landlord and Tenant; Covenant to Repair; Notice.*—At the beginning of the tenancy, a covenant to put in repair is distinct from a covenant to keep in repair, and is broken by a failure to repair within a reasonable time, and notice thereof is not necessary; but in order to charge a landlord with a breach of his covenant to keep in repair, the pleadings should charge that notice was given him of the defect, or that he knew of the defect and failed to repair.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mrs. Mary Phillips against Joe Marsicano. Judgment for plaintiff, and defendant appeals. Affirmed.

[Marsicano v. Phillips.]

The complaint is as follows: "Plaintiff claims of defendant $1,200 damages for the breach of a contract of lease between the plaintiff and defendant on the 7th day of July, 1910, wherein plaintiff leased from defendant the entire second floor of the two-story brick building situated at 523 and 525 Seventeenth street in the city of Ensley, to be used and occupied by the plaintiff as a boarding and rooming house, and plaintiff avers that in said contract of lease, and as part of the consideration therefor, the defendant agreed to put the said house in good repair, including making the roof rainproof, and plaintiff avers that defendant has failed and refused to so put the said house in good repair, or to make the said roof rainproof, and that by virtue of his failure to make said roof rainproof this plaintiff has suffered great loss and inconvenience; that the said house would become flooded with water from the defects in said roof when it rained, thereby greatly damaging plaintiff's furniture, hurting and injuring her business of keeping boarders, rendering a portion of said premises untenantable, and made your plaintiff and her children sick, thereby causing them much pain and suffering and expense for doctor's bills and medicine to her great damage in the sum of $1,200. And plaintiff avers that said injury was the proximate consequence of the defendant's failure to comply with the conditions of said lease." The second count states the same facts as the first count, with the allegation that as a part of the lease, and as a part of the consideration therefor, the defendant agreed to put the said house in good repair, including making the roof rainproof, and that defendant, with full knowledge of the defects in said roof, failed to put said house in good repair, or to make the roof rainproof, and by virtue thereof she suffered the injuries and damages alleged in the first count. Motion

was made to strike the different allegations of damages, and demurrer was interposed setting up that the counts were vague, indefinite, and uncertain, that they failed to state a cause of action, that the damages therein are remote and not the proximate consequence of the breach alleged, and that the damages could not be more than the cost of repairing the roof.

FRANK S. WHITE & SON, for appellant. The court erred in refusing to strike from counts 1 and 2 of the complaint the allegation as to damage to the furniture, the business of keeping boarders, and the rendering sick of plaintiff and her family.—15 A. & E. Ann. cases, 563, and authorities there cited. The court erred in overruling demurrers to count 1.—*Chambers v. Lindsey,* 171 Ala. 158. Special plea 3 set up a good and valid defense, and the court erred in sustaining demurrers thereto.—*Chambers v. Lindsey, supra.* It is the duty of one to minimize the amount of his pecuniary damages. —*L. & N. v. Hines,* 121 Ala. 239; *Warten v. Koosa & Co.,* 169 Ala. 264. Charge 13 should have been given. —15 A. & E. Ann. cases, 656 and authorities cited. As to the measure of damages counsel cite.—*Prestwood v. Carlton,* 162 Ala. 327, and authorities there cited. Counsel discuss other assignments of error, but without citation of further authority.

J. T. LOWERY, for appellee. The court was not in error in refusing to strike the damages claimed as they were recoverable.—*Bell v. Reynolds,* 78 Ala. 511; *R. R. Co. v. Lockhard,* 79 Ala. 315; *M. & O. v. George,* 114 Ala. 449. The landlord is liable for damages consequent on his failure to make repairs.—*Culver v. Hill,* 68 Ala. 66; 78 Ala. 511; 89 Ala. 577. The tenant is under no

obligation to make the repairs, and has a right to rely
on the landlord's promise.—68 Ala. 66; 77 Ala. 487.

PELHAM, J.—Quite a number of charges, designated
by captions in the margin of the record as "plaintiff's
given charges" and "defendant's refused charges," are
set out in the transcript; but the transcript contains no
bill of exceptions. Counsel for the appellant and appel-
lee argue at some length on the court's rulings in giving
and refusing these charges. The transcript nowhere
affirmatively shows that the charges were separately
requested, or that they were requested in writing, or
requested before the jury retired, and, not being pre-
sented by a bill of exceptions, they cannot be reviewed
here.—*Tuskaloosa Co. v. Logan,* 50 Ala. 503; *Mobile
Savings Bank v. Fry,* 69 Ala. 348; *A. G. S. R. R. Co. v.
Dobbs,* 101 Ala. 219, 12 South. 770; *Nuckols v. State,*
109 Ala. 2, 19 South. 504; *Ala. Co. v. Wagnon,* 137 Ala.
388, 34 South. 352; *Sou. Ry. Co. v. Lynn,* 128 Ala. 297,
304, 29 South. 573.

The appellant (defendant below) also assigns as
error the rulings of the court on the defendant's motion
to strike portions of the plaintiff's complaint. No rul-
ing by the court on this motion is shown by any part
of the transcript, and as such ruling, to be available as
a predicate for the assignment of error, must be pre-
sented by bill of exceptions, we cannot therefore con-
sider this assignment.—*Harrison v. Ala. Midland Ry.
Co.,* 144 Ala. 246, 40 South. 394, 6 Ann. Cas. 804.

It may be that each of the two counts of the complaint
contained averments claiming certain damages that
were not recoverable, but the proper way to reach such a
defect is by motion to strike the averments appertain-
ing to the damages not recoverable, or by an objection
to the evidence when offered in support of such claims,

or by asking special instructions of the court to the jury, and not by demurrer.—*Hayes v. Miller,* 150 Ala. 621, 43 South. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93; *Woodstock Iron Co. v. Stockdale,* 143 Ala. 550, 39 South. 335, 5 Ann. Cas. 578.

The complaint was not subject to those demurrers aimed at it for a failure to contain necessary averments to put the defendant on notice of the different items of damage claimed as resulting from a breach of the contract of rental. It is not necessary that a complaint in an action for damages for breach of a contract should itemize each matter claimed as a damage. This is a matter of evidence, and not of allegation.—*Dickerson v. Finley,* 158 Ala. 149, 48 South. 548.

Nor was the complaint deficient in failing to aver that the landlord had been given notice of the defect and the necessity for repair. Both counts of the complaint were for failure to *put* in repair, and clearly have reference to an agreement to repair at the time of the commencement of the rental agreement, and do not refer to a covenant to *keep* in repair during the rented period. "A distinction between to put in repair before the commencement of the lease and to keep in repair during the rented period is very properly made in the case of *Gerzebek v. Lord,* 33 N. J. Law, 240, where the court held that the first covenant was broken by a failure to repair within a reasonable time; but, as to the second covenant, notice from the tenant to the landlord was necessary. Of course, it would not be necessary for the tenant to give the landlord notice of the defect if he already knew of it; but, in order to charge the landlord with a breach of the contract to keep in repair, during the lease, the pleading should charge that notice was given him or that he knew of the defect."—*Tyson v. Weil,* 169 Ala. 558, 565, 53 South. 912; Ann. Cas. 1912B, 350.

The complaint was sufficiently certain and definite in its allegations as tested by the demurrers aimed at it, and the court properly overruled the demurrers.

Affirmed.