173 So.2d 576

**B. E. HATHCOCK**

v.

**Edward S. MITCHELL et al.**

**4 Div. 170.**

Supreme Court of Alabama.

Jan. 21, 1965.

Rehearing Denied April 15, 1965.

T. E. Buntin, Jr., Buntin & Buntin; Alto V. Lee, III, Lee & McInish, Dothan, and B. B. Rowe, Rowe & Lane, Enterprise, for appellant.

588

Joe C. Cassady, Enterprise, and Jas. W. Kelly, Geneva, for appellees.

HARWOOD, Justice.

The appellees in this case are the executor and executrix of the estate of D. D. Mitchell, deceased. For convenience, the appellees will hereinafter be referred to as Mitchell.

In 1946, D. D. Mitchell built a store building in Enterprise. The building was leased to the A and P Tea Company who operated a grocery business therein.

In March 1959, D. D. Mitchell entered into a contract with B. E. Hathcock, doing business as Hathcock Roofing Company, whereby Hathcock was to place a new roof on the building. Some four or five days after the roof had been installed by Hathcock, and on a Sunday, the roof collapsed and fell into the store.

Thereafter A and P filed a suit in the United States District Court for the Middle District of Alabama, in Dothan, against Hathcock and Mitchell as co-defendants.

In the complaint as amended in the Federal court, A and P alleged among other things, that:

"The defendants, B. E. Hathcock d/b/a Hathcock Roofing Company and D. D. Mitchell, deceased, during the month of March 1959, so negligently repaired the roof of said building as to cause the roof of said building to cave in on March 22, 1959.

"As a proximate result of the negligence as aforesaid of defendants B. E. Hathcock d/b/a Hathcock Roofing Company and D. D. Mitchell, deceased, plaintiff suffered the following damages * * *."

The pretrial hearing order entered in the Federal District Court was received in evidence. This order reveals that both appellant and appellee here, who were co-defendants in the Federal Court, pleaded the general issue.

We excerpt the following from the charge in that case which was received in evidence in the proceedings here being reviewed:

"Now, the defendant Mitchell comes into court, and they say, 'We did own the building up there, we had leased it to the A & P Tea Company, we were under a duty to furnish a place for A & P Tea Company, but we didn't breach any duty that we owed A & P, and we are not guilty of any negligence.' By the testimony they, in effect, admit that A & P is entitled to recover, but Mitchell says that A & P should recover from Hathcock, because, 'Since we were not guilty of any negligence, and since Hathcock Roofing Company failed to make a proper inspection, or an inspection that was required under proper circumstances, and that proximately contributed to the injuries of A & P, then it is Hathcock that was negligent and not Mitchell.'

"Hathcock comes in, and they, in effect, say that, 'Well, A & P is entitled to recover, but they are not entitled to recover from us; we were not guilty of any negligence, we didn't fail to do anything that we should have done, we didn't do anything that we should not have done.' 'The damages to A & P,' says Hathcock, 'was proximately caused by the negligence of Mitchell in the construction of this building, which faulty construction was unknown to us, and which, after exercise of the diligence that we should have exercised, we say was still unknown to us.'

"And there are the theories of your case; there are the contentions of each defendant in this case."

In the Federal case the jury returned a verdict in favor of the plaintiff against Mitchell and assessed damages at $12,000. Pursuant to this verdict, the court entered a judgment in favor of the plaintiff against Mitchell for the amount found by the jury as damages. The court further adjudged that the plaintiff take nothing by its complaint against Hathcock.

Thereafter Mitchell filed suit against Hathcock in the Circuit Court of Coffee County. This cause went to the jury on two counts, as amended, that is Counts 6 and 9.

Count 6 alleged negligence on the part of Hathcock in the inspection of the overhead structure of the building in question, the repairs thereto, and the installations of the bonded roof. It further alleged that

said roof and overhead structure collapsed as a proximate consequence of said negligence and that Mitchell was damaged in the amount sued for.

Count 9 is identical with Count 6 except as to an additional claim of special damages of $12,000, plus interest thereon from 7 June 1960, which Mitchell averred was required to be paid A and P for damages to its goods and equipment as a result of the collapse of the roof.

This claim of special damages resulted from the judgment obtained against Mitchell in the suit in the Federal court.

Demurrers to Counts 6 and 9 being overruled, the defendant Hathcock thereafter filed a number of pleas to both counts.

Pleas 1 and 2 in each instance were pleas of the general issue. Plea 3 in each instance averred contributory negligence on the part of Mitchell in that damage to the building was occasioned by the negligent construction or superintending of construction of said building by persons who were not registered as general contractors by the Board of Registration for General Contractors of the State of Alabama, as required by Title 46, Section 65 et seq., Code of Alabama 1940, and that said building when constructed cost over $10,000.

Plea 4 in each instance averred contributory negligence on the part of Mitchell in negligently failing to have the plans and specifications of said building made by an architect registered by the Board of Registration for Architects of the State of Alabama as required by Title 46, Section 8 et seq., Code of Alabama 1940, and that said building when constructed cost over $10,000.

Plea 5 in each instance alleged negligence on the part of Mitchell in that the overhead and supporting structure of said building was negligently constructed.

Plea 6 as originally filed averred that this cause was res judicata and that Mitchell was estopped to prosecute this action on account of the institution on 3 September 1959 by the A & P Tea Company, an Arizona Corporation, the tenant in said building, of an action against Mitchell and Hathcock in the United States District Court, Middle District of Alabama, Southern Division, wherein A & P Tea Company was the plaintiff and Mitchell and Hathcock were defendants.

It was further averred that the defendants, Mitchell and Hathcock, in said action in the United States District Court were identical with the parties in the action in the present suit, and that Mitchell's alleged cause of action in the present suit was identical with the facts as alleged in the action in the United States District Court; that the evidence in support of the allegations in the present cause would be substantially identical to that adduced at the trial of the action in the United States District Court before Judge Frank M. Johnson and a jury; that at the close of the evidence in the trial in the United States District Court, the jury rendered a verdict finding the issues in favor of A & P Tea Company and against Mitchell, and assessed damages at $12,000; that thereafter the United States District Court entered a judgment in favor of A & P Tea Company against Mitchell for $12,000, and also entered a judgment for Hathcock as against A & P Tea Company; that said final judgment was res judicata and in bar of Mitchell's right to maintain this action and that Mitchell was estopped to prosecute this action; that said judgment in the United States District Court has not been set aside, modified, or reversed, and that the same remains in full force and effect.

Pleas 10 and 11 again averred and set forth the judgment of the United States District Court as aforesaid as res judicata in bar of this action, and in bar of recovery of the special damages of $12,000 plus interest as claimed by Mitchell in Count 9.

Demurrers were filed by Mitchell to each of said pleas except Pleas 1 and 2, the pleas of the general issue. The demurrers to

Plea 5, which alleged contributory negligence on the part of Mitchell in negligently constructing the overhead supporting structure of said building, were overruled.

Demurrers were sustained to the remaining pleas.

Thereafter, Hathcock filed Plea A in answer to the appellee's claim for special damages of $12,000 as contained in Count 9. The judgment of the United States District Court was again pleaded as res judicata in bar of Mitchell's right to recover said special damages and it was further averred that Mitchell was estopped to prosecute the claim therefor. As exhibit to said plea, a copy of the complaint filed in the United States District Court by the A & P Tea Company was attached. Mitchell refiled their demurrers to Plea A and these demurrers were sustained by the trial court.

Mitchell's amendment to Counts 6 and 9, wherein the claim for loss in rentals was stricken, was filed immediately prior to the trial of this cause in the court below. This necessitated the refiling of all prior demurrers, pleas, and demurrers to said pleas. The rulings of the court below were in accord in each instance with the rulings previously entered. In the interest of brevity these rulings are not again here set forth.

■ The rule of res judicata applies in those cases where the suits are the same, the identical point is directly in issue, and judgment has been rendered in the first suit on that point. Gilbreath v. Jones, 66 Ala. 129; Ryan et al. v. Young, 147 Ala. 660, 41 So. 945. Where the issues in the first suit were broad enough to comprehend all that was involved in the issues of the second suit, the test is not what the parties actually litigated, but what they might or ought to have litigated. Savage v. Savage, 246 Ala. 389, 20 So.2d 784.

At the threshold of our considerations we are confronted with the court's rulings in connection with the pleas of res judicata as these rulings apply to Count 6 and to Count 9.

We will consider Count 9 first in that it is identical with Count 6 in claiming damages approximately resulting from the alleged negligence on the part of Hathcock in inspecting the overhead structure of the building. It is further averred in Count 9, however, that:

"Plaintiffs sustained further special damages as payment to A & P Tea Company as damages to said tenant's goods, wares, merchandise, and equipment, said special damages being in the sum of $12,000 plus interest thereon from June 7, 1960."

This claim for special damages is of necessity based upon the judgment of $12,000 recovered against Mitchell by the A & P Tea Company on June 7, 1960, in the suit in the United States District Court. The plaintiff in the court below introduced said judgment in support of proof of the special damages claimed under Count 9.

In the trial below in the present case, the following charge requested by the defendant Hathcock was refused by the court:

"I charge you, Gentlemen of the jury, that if you believe the evidence in this case, you cannot award plaintiffs special damages for damages to their testate's tenant's goods, wares, and merchandise under Count 9 of the complaint."

■ This charge was affirmative in nature and sought to eliminate from the consideration of the jury the special damages claimed in Count 9, aforementioned. If such special damages are not a proper item of recovery, the charge should have been given, as the proper way to reach claimed damages which are not recoverable is by a motion to strike the averments appertaining to non-recoverable damages, or by an objection to the evidence when offered in support of such claim, or by seeking special instructions of the court to the jury. Marsicano v. Phillips, 6 Ala.App. 229, 60 So. 553; Western Union Tel. Co. v. An-

niston Cordage Co., 6 Ala.App. 351, 59 So. 757; Walls v. C. D. Smith & Co., 167 Ala. 138, 52 So. 320.

■ As shown by extensive annotations in 101 A.L.R. 104 and 142 A.L.R. 727, with innumerable citations of authority, the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, and determined by the judgment in the first action.

The basis for such doctrine is set forth in our early case of Buffington v. Cook, 35 Ala. 312, wherein it is stated:

"In the suit between Chappell as plaintiff, and Buffington and Cook as defendants, the issue necessarily made by the pleadings was, whether the defendants, or either and which of them, had incurred a legal liability to the plaintiff. As between the two defendants, there was, and probably could be, no issue formed on the relative liabilities of the defendants *inter sese*. Hence, in that trial, no evidence was or could be properly introduced or examined, having for its object the establishment of such relative liabilities. There is wanting then, in this case, the necessary ingredients of an estoppel by record, as to the fact and measure of liability between Cook and Buffington.—1 Greenl. Ev. § 523."

■ In the trial in the United States District Court, it is true that each defendant entered pleas of the general issue and by the evidence sought to disprove their own negligence, and to cast negligence on the other. However, where a person is injured by the concurrent negligence of two tort-feasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent, does not make the issue of negligence res judicata in subsequent proceedings between them, where the liability of one to the other does not depend upon his liability to the injured person. See Restatement of the Law of Judgments, American Law Institute, Section 82, particularly Comment b. This for the reason that in these circumstances a cross claim is not permissible since it asks for no relief from the party against whom it is asserted, and further, facts which show that the would be cross complainant is blameless will be a complete defense as to him, but they raise no issue between him and the other defendant. See Fed.Proc. and Proced., Barron and Holtzoff (Wright) Vol. 1A, Sec. 397, p. 601.

In the United States District Court the issue was negligence of either or both defendants toward the A & P Tea Company, and not the negligence of each defendant toward the other. The negligence of each defendant toward the other was not expressly put in issue by the pleading, and there was no determination of the rights and liabilities inter se by the judgment of the United States District Court, but only the issue of negligence by either of the co-defendants toward the A & P Tea Company.

■ In the present suit, insofar as the claim for special damages is concerned, the issue of negligence asserted by the plaintiff is dependent upon the negligence of the defendant Hathcock toward the A & P Tea Company. This was the very issue litigated in the suit in the United States District Court, and determined in favor of Hathcock. Insofar as the claim for special damages is concerned the judgment in the United States District Court is res judicata of this same issue presented in the trial below, and the lower court erred in refusing the requested instructions seeking to eliminate this element of damages.

■ Another doctrine which would prevent the plaintiff's recovery of the special

damages herein sought is that the plaintiffs below offered in evidence in support of their claim for special damages the judgment of the United States District Court. That judgment found that the defendant was not negligent toward the A & P Tea Company but that this plaintiff was negligent. The plaintiffs cannot repudiate the basis of the judgment they assert for their claim. To allow them to do so would permit the plaintiffs to recover from the defendant because of the judgment which they would now be obliged to assert was unjust and based upon a false finding of fact. Insofar as their claim of special damages goes, the plaintiffs are here seeking indemnity arising from an implied contract by Hathcock to indemnify them for damages resulting from negligence on the part of Hathcock. They are bound by all the findings and conclusions without which the judgment of the United States District Court could not have been rendered. They are not at liberty to deny that part of the judgment which necessarily concludes that Hathcock was not negligent and that they were negligent. To permit such denial would prove that the very judgment upon which they rely for recovery of special damages was wrong. Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319; Kansas City Operating Corp v. Durwood, (8th CCA), 278 F.2d 354.

We come now to consider Count 6 in aspect of the question of res judicata as pertains to this Count. As stated above, the issues raised in the trial below relative to this Count are different from the issues presented in the United States District Court, Count 6 being based on the alleged negligence of Hathcock toward Mitchell, while the Federal suit involved the issue of the alleged negligence of Hathcock and Mitchell toward the A & P Tea Company. The appellant relies strongly upon the case of City of Mobile v. George et al., 253 Ala. 591, 45 So.2d 778, as supportive of his insistence that the judgment obtained in the United States District Court is res judicata of the present suit. An analysis of the George case, supra, however shows that it was a suit by the City of Mobile for indemnity because of a judgment obtained by Reeves as plaintiff in a prior suit wherein the City of Mobile, and George, a contractor, were sued as co-defendants by the plaintiff who had been injured by a defect on one of the city streets. In this prior suit the jury had determined the issue of negligence toward the plaintiff in favor of George and against the City of Mobile. Therefore, the later suit by the City of Mobile against George, based upon the alleged negligence of George, involved the very issues litigated in the prior suit and the judgment in the prior suit was therefore held to be res judicata. This, of course, is not the situation presented here.

Counsel for appellant argue, however, that by virtue of the Federal rules of Practice and Procedure, Rule 13(g), that the appellee could have filed a cross claim against Mitchell in the Federal suit, and thus have litigated in one action the very claim he now seeks to assert.

Rule 13(g), Federal Rules of Civil Procedure, 28 U.S.C.A. provides in references to cross claims against co-parties, as follows:

> "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein  *  *  *."

We are not sure that the claim of Mitchell against Hathcock arises "out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein." Certainly there could possibly be a difference in the evidence to support the plaintiff's claim in this suit from that which would have supported a cross claim against Mitchell in the suit by A & P Tea Company against Mitchell, and the damages sought are different. See Section 394 of Barron

and Holtzoff, supra. However, cross claims under Rule 13(g) are not compulsory, and it is discretionary with the party whether to assert his claim as a cross claim or to reserve it for later independent litigation. American Surety Co. of New York v. Fazel, (D.C.Iowa 1956), 20 F.R.D. 110.

█ We know of no way under our state procedure that a cross claim can be filed by co-defendant. Since under the Federal rules the filing of a cross claim under Rule 13(g) is discretionary with the litigant, we are unwilling to hold that a higher standard should prevail when the action of co-defendant in exercising his discretion in filing a cross claim in a Federal court is raised in a court of this state. We therefore hold that the non-filing of cross claim by Mitchell against Hathcock in the United States District Court was not such conduct as to be within the influence of the doctrine of our cases holding that res judicata extends to all questions in issue in the first trial, or which ought to have been put in issue. We conclude, therefore, that the lower court did not err in its rulings relating to the aspect of res judicata as to Count 6.

█ The appellant requested the general affirmative charge respectively as to Count 6 and to Count 9, and also requested the aforementioned charge affirmative in nature seeking to eliminate the claim for special damages in Count 9. The jury returned a general verdict. Under these circumstances the doctrine of error without injury cannot be applied to the refusal of defendant's requested affirmative charges as to Count 9. For this reason this judgment must be reversed. Dickey v. Russell, 268 Ala. 267, 105 So.2d 649; Draughon's Business College v. Battles, 35 Ala.App. 587, 50 So.2d 788.

Although this judgment must be reversed for the reasons stated above, we think it appropriate to write to the following propositions raised by appropriate assignments and argued in briefs in view of the possibility of another trial.

In the trial below the appellant filed pleas to the effect that the plaintiff Mitchell was negligent in the construction of the building or employed persons to construct the building who were not registered as general contractors by the state, and that the building cost over $10,000.

Similar pleas were filed setting up Mitchell's failure to employ a registered architect to prepare plans for the building.

Demurrers to these pleas were sustained.

The appellant also made offer of evidence in the trial below directed toward showing the matters asserted in the pleas. The appellee's objections to all such evidence were sustained.

The appellant also requested certain charges in writing which set forth the law relating to the registration of contractors and architects. These charges were refused.

Section 65 et seq., Title 46, Code of Alabama 1940, relates to the business of general contractors in this state, their registration, licensing, etc. Section 65, supra, at the time of the construction of the building defines a "general contractor" as one who for a fixed price, fee, or commission undertakes to construct, or superintend the construction, of any structure costing $10,000 or more, and further provides that anyone who shall engage in the construction of a structure costing $10,000 or more shall be deemed to have engaged in the general contracting business.

Section 77, supra, makes it a misdemeanor for anyone not licensed as a general contractor to engage in such business.

Likewise, Section 8 et seq., Title 46, Code of Alabama 1940, regulates the registration of architects and the practice of architecture in this state. Under these code provisions, no person need register as an architect in order to draw plans for buildings costing less than $10,000. Certain exceptions are set forth, but are not here applicable and we omit the full provisions of the regulations.

By Section 18, supra, the practice of architecture by one not properly registered as an architect is made a misdemeanor.

■■■■ We think the lower court erred in its rulings in the premises now being considered. The defense was directed toward showing that the negligence of Mitchell in constructing the building was the proximate cause of the collapse of the roof. It appears that the building was constructed by a carpenter employed by Mitchell. Apparently this carpenter occupied the status of a servant rather than an independent contractor. Where skill and capacity are required to accomplish an undertaking, it is negligence for a master not to employ servants having qualification for the undertaking. Sloss-Sheffield Steel & Iron Co. v. Bibb, 164 Ala. 62, 51 So. 345. While the master is not liable for having employed incompetent servants unless their incompetency was the proximate cause of the injury, Alabama City G & A Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805, yet the defendant having introduced evidence tending to show that the building was originally improperly constructed, the fact that the contractor and the architect used by Mitchell were not registered to carry on such business clearly goes to their competency, and to the question of Mitchell's negligence in employing them in constructing the building.

While the sections above mentioned applying to the registration of contractors and architects are under their terms not applicable to Mitchell, the failure of Mitchell to employ a registered contractor or a registered architect does shed light upon Hathcock's alleged negligence in the inspection of the building, in that Hathcock would have been justified in assuming that the building had been constructed by persons qualified by law for such an undertaking.

■■■■ Under assignments of error 41, 42, 43, and 91, appellant urges that the lower court erred in refusing the appellant's written requested general affirmative charges requested respectively as to Count 6 and 9. It is appellant's argument under these assignments that not only did the evidence offered by the appellees fail to establish by a scintilla of evidence the contract alleged in both counts, but to hold otherwise would place the liability of the appellant upon speculation pure and simple. We do not agree.

Mr. H. D. Bryan, a witness for the appellees, testified by deposition that he was a salesman for the Hathcock Roofing Company and as such salesman he contacted Mitchell in reference to placing the roof upon the building. Later he had Mr. Roy Davis, foreman of the Hathcock Roofing Company, accompany him to see Mr. Mitchell in reference to the roof. The three of them discussed the cost of various types of roofing and so forth. According to Mr. Bryan, Mitchell stated to them that the reason he wanted to do business with Hathcock was because he felt that Hathcock would do the job right, and Roy Davis assured him that they would, and further that he would give the building a general inspection. At the time of this visit Mitchell was in poor health and was interviewed by Bryan and Davis at his home.

The record further shows the following during the cross examination of the witness Bryan:

"Q. Did Mr. Mitchell or Roy Davis at any time ever mention specifically going into the loft of that building?

"A. I don't recall that loft business, I don't know. All I do recall though is that he insisted on a general inspection and necessary repairs."

Mr. Douglas L. Rollins, a witness for the appellees, testified that on the Sunday that the roof collapsed, Mitchell and Hathcock were in his drug store and he heard Hathcock say to Mitchell:

"I can't understand it—I can't understand it. My engineer checked that building five different times and told

**596**

us to pour it on. I will have my crew over here the first thing in the morning."

The above evidence we think was sufficient, certainly to the extent of furnishing a scintilla, from which the jury could have reasonably inferred that the oral contract between Mitchell and Hathcock provided for an inspection of the structure of the roof by Hathcock as to its soundness in connection with supporting the proposed new roof. The lower court therefore did not err in refusing the affirmative charges as requested, but properly submitted this question to the jury.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.