In September 1995, Dorothy Adams sued Clifton Sanders and several fictitious defendants, alleging negligence, negligent entrustment, and wantonness after being involved in an automobile accident. Sanders denied the allegations and moved for a summary judgment. The circuit court entered a summary judgment for Sanders. Adams appealed to the Alabama Supreme *Page 544 
Court, which transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c);see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992). The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v.Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee,592 So.2d at 1038. "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989);see Ala. Code 1975, § 12-21-12(d). See Ex parte General MotorsCorp., 769 So.2d 903 (Ala. 1999); West, 547 So.2d at 871, and Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989), for further discussion of the application of the summary-judgment standard.
Adams's claim arises from an automobile accident wherein the vehicle Sanders drove struck the vehicle Adams drove; that collision, in turn, led to Adams's vehicle's striking a parked car owned by Mark Brooks. Brooks filed a small-claims action in the district court, naming both Adams and Sanders as defendants. The district court found in favor of Brooks and ruled that Adams was liable for the full amount of Brooks's damages and stated, "[T]he plaintiff is not entitled to a judgment against the Defendant, Clifton Sanders." Thereafter, Adams filed her action in the circuit court. Sanders answered and requested a summary judgment, arguing that the doctrines of res judicata and collateral estoppel precluded Adams from recovering from Sanders. Specifically, Sanders contends that we can infer from the district court's judgment that it made a finding that Sanders was not negligent with respect to his collision with Adams.
Sanders's motion for summary judgment was based on the doctrines of res judicata and collateral estoppel. We will first address res judicata. The elements of res judicata are: (1) a prior judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) with substantial identity of the parties; and (4) with the same cause of action presented in both actions. Parmater v. Amcord, Inc., 699 So.2d 1238, 1240-41 (Ala. 1997).
Sanders's motion for summary judgment relies primarily on the judgment entered in the Brooks case, which reads as follows:
 "This case was called for trial on December 14, 1999. All parties appeared and presented evidence. Based on the evidence presented, a judgment is entered in favor of the Plaintiff and against the Defendant(s), Dorothy B. Adams, in the amount of One Thousand One Hundred Twenty-seven Dollars and 44/100 cents ($1,127.44). The Court further finds that the Plaintiff is not entitled to a judgment against the Defendant, Clifton Sanders."
Sanders argues that one can infer from that judgment that the district court found Adams to be solely negligent in regard to the collision with Sanders. While it is true *Page 545 
that the district court might have found that Adams negligently caused her automobile to hit Brooks's automobile, we cannot say with certainty that the district court found that Adams was negligent in regard to the collision with Brooks; nor can we say that the district court found that Adams was negligent in regard to the original collision with Sanders. The possibility exists that Sanders was negligent in the collision with Adams, without being liable to Brooks. If Adams had the ability to prevent her automobile from colliding with Brooks's vehicle, but failed to do so, then the possibility of having two separate acts of negligence is plausible.
 "It is settled law in Alabama that even if one negligently creates a dangerous condition, he or she is not responsible for injury that results from the intervention of another cause, if at the time of the original negligence, the intervening cause cannot reasonably be foreseen."
Sims v. Crates, 789 So.2d 220 (Ala. 2000) (citing Gilmore v. Shell Oil Co., 613 So.2d 1272 (Ala. 1993)).
 "An intervening cause may be an `act of God,' such as an extraordinary event of nature, or the actions of another, usually, though not necessarily, another tortfeasor; however, a cause is not an intervening cause, so as to relieve a tortfeasor of his liability, unless it comes into active operation after the tortfeasor has acted. In other words, it must occur between the act of the tortfeasor and the injury sustained for the chain of causation between the act and the injury to be broken."
General Motors Corp. v. Edwards, 482 So.2d 1176, 1195 (Ala. 1985),overruled on other grounds, Schwartz v. Volvo North America Corp.,554 So.2d 927 (Ala. 1989) (citations omitted). Such an issue is for the trier of fact to determine. Because the district court did not make specific findings of fact, the circuit court was left to speculate as to what evidence was presented to the district court.
Because we have no transcript of the trial in the district court, the burden is on Sanders to show that the district court determined that he was not negligent. "`We cannot consider factual matters outside of the record. The briefs of parties cannot enlarge, change, alter, or vary the record which must itself disclose the facts relied upon.' Consequently, we must consider only pertinent facts which the record reveals." BowmanCorp. v. Bama Bus. Machs., 504 So.2d 315, 316 (Ala.Civ.App. 1987). Because Sanders moved for a summary judgment, he had the burden of showing that the rights and liabilities were expressly put in issue before the district court.
 "[T]he rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, and determined by the judgment in the first action."
Hathcock v. Mitchell, 277 Ala. 586, 592, 173 So.2d 576, 580 (1965). Specifically, Sanders has the burden of showing that the district court made a finding that he was not negligent when he collided with Adams's automobile. We find that he has not satisfied his burden of proof.
Although it is reasonably foreseeable that if one vehicle strikes another vehicle that second vehicle could possibly be forced into a collision with a third vehicle, we are simply unable to determine from the record that the Adams-Brooks collision was a reasonably foreseeable result of the Sanders Adams collision. The problem *Page 546 
lies in the lack of evidence from which the circuit court could reach any conclusions. Therefore, we conclude that the circuit court could not have based the summary judgment on the doctrine of res judicata.
One seeking to invoke the doctrine of collateral estoppel must show "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions."Smith v. Union Bank Trust Co., 653 So.2d 933, 934 (Ala. 1995). Based on the circumstances of this case, we hold that the circuit court erred in concluding that Sanders met his burden of showing the same cause of action had been presented before the district court.
There is evidence in the record to suggest that the central issue of Brooks's complaint was breach of contract, as opposed to negligence. Sanders included as part of his motion for summary judgment a copy of the small-claims complaint Brooks had filed. Brooks's complaint reads as follows:
 "I claim the defendant owes the plaintiff the sum of $1,475.00 because: expenses incurred as a result of automobile accident on August 6, 1998 on the Bessemer super highway. Defendants have [illegible] to reimburse cost of rental car while plaintiffs car [illegible] repaired."
After reviewing Adams's brief in opposition to Sanders's motion for summary judgment, one could reasonably infer that Brooks's claim was a breach-of-contract claim. Adams submitted a letter written by Brooks with her brief in opposition to Sanders's motion for summary judgment. The letter was apparently sent to both Sanders and Adams before Brooks filed his small-claims complaint. It read, in pertinent part, as follows: "Although neither party involved admitted liability, both parties agreed to assume joint responsibility in the settlement of all claims." Assuming that Brooks was attempting to enforce promises by Adams and Sanders to reimburse him for his rental fees, a determination of negligence would not have been an issue before the district court.
Even if the district court explicitly stated that it made its findings based on a negligence claim by Brooks, there still exists a question as to the district court's judgment with respect to whether a finding of fact was made as to Sanders's alleged negligence. See Edwards,482 So.2d at 1195. We conclude that Sanders failed to show that the issue of negligence was fully litigated in the district court; thus, Sanders failed to establish one of the necessary elements of collateral estoppel, and the trial court erred in entering the summary judgment.
Therefore, the summary judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Pittman and Murdock, JJ., concur.
Thompson J., concurs in the result.