549 So.2d 1 (1989)
Camellia Ann F. ROBINSON
v.
Lester L. HOLLEY, Jr.
87-1035.
Supreme Court of Alabama.
February 10, 1989.
Rehearing Denied July 14, 1989.
Stephen M. Langham, Prattville, for appellant.
Thomas R. Elliott, Jr. and I. Ripon Britton, Jr. of London, Yancey & Elliott, Birmingham, for appellee.
MADDOX, Justice.
A beneficiary of an estate, who had removed the administration of the estate to circuit court and asked for a declaratory judgment and an accounting, and who had received an adverse ruling in the circuit court, filed a separate action in another county, in which she claimed that the executor and the trustee were guilty of fraud in the administration of the estate. The trial judge dismissed the fraud action on the ground that it was barred under the doctrine of res judicata.

FACTS
Lester L. Holley, Sr., died in 1976, and by the terms of his will, his wife Betty received a life estate in three houses in Wetumpka, Alabama. The remainder of the estate, which consisted primarily of real property, was held in a trust, with Lester L. Holley, Jr., named as the sole trustee, and eight beneficiaries, including the plaintiff, Camellia Ann F. Robinson, were designated to receive the body of the trust at the expiration of a ten-year period. The will *2 granted the trustee broad powers in administering the trust. The trustee was to sell the trust property at his discretion to provide for the expenses incurred by the property of the wife's life estate and the trust estate; he was also empowered to distribute the estate as he saw fit and was exempt from making an inventory or appraisal.
On June 13, 1986, the trustee proposed a distribution of the trust upon the expiration of the ten-year period. The trust at that time consisted of several pieces of real property and approximately $17,000 in cash. The entire trust property was to be distributed, except for the remainder interests in the property subject to the life estate and a small portion of the cash, which was to be used to pay the taxes on the property subject to the life estate. Upon receipt of notice of the proposed distribution, the plaintiff filed a complaint for an accounting and a declaratory judgment and sought removal of the administration of the estate to circuit court. She alleged that certain portions of the real estate in the trust had been sold and that the proceeds from the sales were not reflected in the proposed distribution. The case was removed to circuit court, where the trustee filed a motion for summary judgment based upon the terms of the trust document. The trial court granted the motion.
Approximately ten months after summary judgment was entered in Elmore County, the plaintiff brought this action in the Circuit Court of Jefferson County, alleging fraud in the administration of the estate. The Jefferson County court dismissed the action upon a finding that the issues presented had been previously litigated in the Elmore County action. The issue presented to this Court concerns the applicability of the doctrine of res judicata.
In order for a judgment in the prior suit to bar a subsequent suit: (1) the question or fact must have been litigated and determined by a court of competent jurisdiction; (2) the final judgment must have been rendered on the merits; (3) the parties to both suits must be substantially identical; and (4) the same cause of action must have been presented in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir.1975); Hughes v. Martin, 533 So.2d 188 (Ala. 1988); Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala. 1978).
If these essential elements are met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. Hughes v. Martin, supra; Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977); McGruder v. B & L Construction Co., 331 So.2d 257 (Ala. 1976); and Geer Brothers, Inc. v. Crump, 349 So.2d 577 (Ala.1977).
In the present case, the first three elements of res judicata are clearly present. The issue here concerns the fourth element: is the cause of action the same in both the Elmore County action and the Jefferson County action?
Although the Elmore County suit sought injunctive relief and the Jefferson County suit sought monetary damages, this difference alone will not bar the application of res judicata. A difference in the element of damages is not grounds for distinguishing two causes of action for res judicata purposes. Lesley v. City of Montgomery, 485 So.2d 1088 (Ala. 1986). The basis of this rule is that a cause of action grows out of the wrongful action and not out of the various forms of damages that may flow from the single wrongful act. Chappell v. Boykin, 41 Ala.App. 137, 127 So.2d 636 (1960), cert. denied, 271 Ala. 697, 127 So.2d 641 (Ala.1961). The proper standard for determining whether the two suits are the same is whether the same evidence would support a recovery in both suits. Lesley v. City of Montgomery, 485 So.2d 1088 (Ala.1986); Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963).
In this case, both causes of action were based upon the same alleged wrongful acts of the trustee. The Elmore County complaint alleged that the distribution was "inequitable and unjust" and that the trustee had "converted and/or wasted trust assets." The Jefferson County complaint alleged that the trustee had "breached his fiduciary duty by ... misappropriating *3 and/or misusing trust funds." The only practical difference in the two was the allegation of fraud contained in the Jefferson County complaint. Therefore, the question becomes whether the addition of a fraud claim with no independent basis of support constitutes a new cause of action. The rule in Alabama is that a judgment in a former action between the same parties is conclusive not only of the questions actually litigated, but also of those that could have been litigated in the former action. McGruder v. B & L Construction Co., 331 So.2d 257 (Ala. 1976); Hathcock v. Mitchell, 277 Ala. 586, 173 So.2d 576 (1965); Reid v. Singer Sewing Machine Co., 218 Ala. 498, 119 So. 229 (1928).
The purpose of the doctrine of res judicata is to prohibit the relitigation of claims, so as not to unnecessarily force a defendant to repeatedly incur the expense and trouble of defending himself. In the present case, it is clear that all of the facts upon which the fraud claim was based were present at the time of the Elmore County complaint. The plaintiff could have amended her Elmore County complaint to include a fraud count. In her brief here in this case, she argues the impropriety of the trial court's order in Elmore County dismissing her request for a declaratory judgment and an accounting. If she was aggrieved by that order, she should have appealed. Based on all the mentioned circumstances, it is the opinion of this Court that the fraud claim could have been, and should have been, litigated in the Elmore County action and that it is thus barred by res judicata from being litigated again.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

ON APPLICATION FOR REHEARING
MADDOX, Justice.
On application for rehearing, the plaintiff argues that this Court erred in its application of res judicata in this case because, he argues, the judgment upon which res judicata was based was not rendered on the merits. Specifically, he contends that the summary judgment was vacated when the court granted the plaintiff's motion to alter, amend, or vacate. After granting that motion, the court later entered another order purporting to deny that motion. The plaintiff argues that the order purporting to deny the motion did not reinstate the summary judgment.
We do not have to reach this argument, because the motion to alter, amend, or vacate was filed after the 30-day period prescribed in Rule 59(e), Ala.R.Civ.P., had expired and therefore could have had no effect. Summary judgment was entered on December 3, 1986, and the motion to alter, amend, or vacate was filed on January 5, 1987.
Based on the foregoing, we hold that the summary judgment upon which the doctrine of res judicata was based was a final judgment rendered on the merits.
The opinion is extended and the application for rehearing is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.