This appeal is from a dismissal of a cause of action based on the doctrine of res judicata. *Page 454 
The facts are as follows: Odell Burney died on October 6, 1989. Her daughter and the executrix of her estate, Ernestine Wynn, filed a petition for probate of Burney's purported will and codicil on October 19, 1989. Another of Burney's daughters, Lucy Ann Crutcher, contested the will on the grounds of undue influence, force, or fear. Wynn filed a motion for summary judgment. Crutcher then filed a motion in opposition to the motion for summary judgment alleging, among other things, that the signature on the will was not Burney's signature. On August 3, 1990, the trial court entered summary judgment in favor of Burney's estate.
On December 13, 1990, Crutcher contested the probate of Burney's will and codicil on the grounds of undue influence, force, or fear and fraud. The trial court found that the Crutchers had raised no new issues, because these same issues had been settled by the summary judgment. The trial court then dismissed the action.
The elements of res judicata, or claim preclusion, are: (1) a final judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantially the same parties, and (4) with the same cause of action presented in both suits. Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala. 1990), citing Hughes v. Allenstein, 514 So.2d 858 (Ala. 1987). "If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation." Dairyland, 566 So.2d at 725.
In this case, the only one of the above elements as to which there is a question is whether the same cause of action was presented in both suits. To determine whether the cause of action is the same in both suits, the issues involved in the earlier suit must have comprehended all that is involved in the issues of the later suit. Dairyland, 566 So.2d at 726. "The proper standard for determining whether the two suits are the same is whether the same evidence would support a recovery in both suits." Robinson v. Holley, 549 So.2d 1, 2 (Ala. 1989). "Res judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact."N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990) (citation omitted).
The first suit brought by Crutcher alleged that Burney's will was the product of undue influence, force, or fear. Wynn filed a motion for summary judgment, which Crutcher opposed, claiming that the signature on the will was not Burney's signature. In the second suit, Crutcher contested the will on the same grounds of undue influence, force, or fear and added the additional ground of fraud. The sole allegation of fraud was that the signature on the will was not Burney's signature. Clearly all the issues presented in the second suit had been adjudicated in the prior suit.
We hold that the trial court was correct in dismissing the second cause of action because all the issues presented in the second suit had previously been determined on the merits.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.