This case arises from an alleged wrongful termination. The plaintiff/employee, Terry Patrick, contends that he was laid off because he claimed workman's compensation benefits. The plaintiff sued in the Circuit Court of Tuscaloosa County, and the jury returned a verdict for the defendant/employer, Femco Southeast, Inc. ("Femco"). We affirm.
Patrick was employed as a welder by Femco from 1986 until February 1, 1988. Upon returning to work after a leave of absence caused by an on-the-job injury, Patrick was informed by Tom Whitesell, the plant manager, that he was being laid off "for a while" and that Femco would let him know if he was needed later. On March 7, 1988, Femco hired John Elliot as a welder, mechanic, and field service worker; Elliot stated at trial that he "took [Patrick's] place."
In December 1988, Patrick sued, alleging that Femco had terminated his employment in retaliation for his having filed an action to collect workman's compensation benefits, in violation of Alabama Code 1975, § 25-5-11.1. Femco contended that Patrick was laid off because business had decreased and because of problems with the *Page 261 
quantity of work that Patrick performed. In addition, Whitesell claimed that Elliot was hired because he was more "versatile."
On May 2, 1990, Femco counterclaimed for damages, alleging fraud, misrepresentation, and suppression of material fact. Patrick moved to strike the counterclaim and the trial court denied the motion. The trial began on September 10, 1990, and the jury returned a verdict in favor of Femco on Patrick's claim for alleged wrongful termination and also on its counterclaim. The jury awarded no damages on the counter-claim. Patrick filed a motion for judgment notwithstanding the verdict or for a new trial, which was denied.
Patrick raises three evidentiary issues on appeal: (1) Whether the trial court correctly allowed Femco's counterclaim; (2) whether the trial court correctly excluded a nonparty's oral prior inconsistent statement not made under oath; and (3) whether a remark made by Femco's counsel during Patrick's closing argument was so prejudicial as to mandate a new trial even though the trial court gave curative instructions.
 I.
The first issue is whether the trial court correctly allowed Femco's counter-claim.
Patrick argues that the counterclaim was a compulsory counterclaim that should have been filed in his workman's compensation action and was not proper in this wrongful termination case; therefore, Patrick argues that because the counterclaim was not filed in the workman's compensation case, it was barred and Femco had no right to pursue it in the present case.
Femco argues that on April 10, 1990, during the deposition of the Pro Steel Fabricators' record keeper, Mary Henderson, Femco discovered Patrick's fraudulent behavior that was the basis of the counter-claim.
A compulsory counterclaim is defined in Rule 13(a), A.R.Civ.P.:
 "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."
Femco's claim alleging fraud, misrepresentation, and suppression of a material fact did not arise out of the same operative facts as Patrick's workman's compensation case; the issues of fact and law in a workman's compensation case are entirely different from those in a fraud action; the trier of fact in these two claims is not the same; and the evidence to support or refute Patrick's claim and the evidence to support or refute Femco's counterclaim are also different.
Because Femco made a showing that it did not learn of the fraud until April 10, 1990, the date of Henderson's deposition, and because Patrick failed to produce any evidence indicating Femco had prior knowledge of fraud, the counterclaim was properly brought by Femco on May 2, 1990.
 II.
The second issue that Patrick raises is whether the trial court erred in excluding a nonparty's oral prior inconsistent statement not made under oath.
Patrick argues that an alleged oral statement made by a nonparty concerning the reason for Patrick's termination should have been admitted as substantive evidence during the trial, even though the statement was not made under oath. The statement was allegedly made by Robert White, Patrick's immediate supervisor at Femco, at the Elks Club in Tuscaloosa during a meeting between the two of them several weeks after Patrick had been laid off; White denied making the statement. At the time of the alleged statement, White was not an employee of Femco.
"Whenever the declarant testifies at [a] trial or hearing, and is subject to cross-examination concerning the statement, then any inconsistent statement given under oath subject to penalty of perjury at atrial, hearing, or other proceeding or in a *Page 262 
deposition has substantive . . . import in the case." C. Gamble, McElroy's Alabama Evidence § 159.02(4) (4th ed. 1991). In the present case, White did not testify under oath as to any matters claimed by Patrick; thus, the statement will not be treated as substantive evidence. In fact, White claims that he never made any statement that Patrick alleges he made. If a witness denies having made a prior statement, the alleged statement cannot be shown from testimony of other witnesses.Carroll v. State, 473 So.2d 1219, 1225 (Ala.Cr.App. 1985).
 III.
The last issue Patrick raises is whether remarks made by Femco's counsel during Patrick's closing argument were so prejudicial that they mandated a new trial even though the trial court gave curative instructions.
The following exchange occurred during Patrick's closing argument:
Plaintiff's counsel:
 "Now, how much money would we be talking about? That is a hard question to answer. I don't know. I would think a very absolute minimum of two hundred and fifty thousand dollars."
Defendant's counsel:
 "Well, Your Honor, now, just a second." Plaintiffs counsel:
 "I have a right to give an opinion. Let me put it this way: if I were sitting in that jury box —"
Defendant's counsel:
 "If Your Honor please, we object to that now. We object to this argument which is, of course, a clearly illegal argument, saying about what he would do if he was sitting in that jury box."
Plaintiff's counsel:
 "There is nothing in the law that prohibits me —"
Defendant's counsel:
 "He will get half of it and this man will get the other half. That is what he was really talking about is compensating him and compensating his client. He's not talking about punishing anybody. We object to that argument."
Plaintiff's counsel:
"I would like to approach the bench."
Then the plaintiff's counsel said the following at the bench:
 "I would like to move for mistrial based on Mr. Donald's statements."
The trial judge then instructed the jury as follows:
 "Ladies and Gentlemen, I am going to instruct you to disregard the attorney's argument asking you to put himself in your place or vice versa, and also there is no evidence about any legal fee in this case and I'm going to instruct you to disregard the other attorney's argument about the legal fees."
A statement must be so "grossly improper and highly prejudicial as to be ineradicable from the minds of the jurors, notwithstanding a timely admonition from the trial judge," in order for it to warrant the granting of a new trial. Hill v.Sherwood, 488 So.2d 1357, 1359 (Ala. 1986). Each case must be looked at in light of its particular facts and circumstances.488 So.2d at 1359.
 "Replies in kind do not amount to reversible error. . . . Statements or argument of counsel which are provoked or produced by statements or arguments of opposing counsel can furnish no ground for complaint or corrective action."
St. Clair County v. Bukacek, 272 Ala. 323, 331, 131 So.2d 683
(1961); Lawrence v. Alabama Power Co., 385 So.2d 986, 988 (Ala. 1980).
After considering the record of the statements and the actions taken by the court, we are of the opinion that the statements made were not so grossly improper and highly prejudicial that their effect could not be eradicated by the curative instructions given by the trial judge. Therefore, the refusal of a new trial based on these remarks did not constitute reversible error. *Page 263 
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.