KENNEDY, Justice.
The plaintiff, Marshall Jones, Jr., appeals from a partial summary judgment in favor of the defendants, George S. Grogan and George R. Raley.
Grogan and Raley were business associates of Jones. In 1987 Grogan and Raley sought to sever their business relationship with Jones and, toward that end, the three executed a severance agreement in April 1987. Some months later, Jones unsuccessfully sued for a rescission of this agreement. Then, in June 1990, by the present action, Jones sued Grogan and Raley because of an alleged breach of that agreement.
In his complaint, Jones averred that Gro-gan and Raley had breached a provision of the agreement by failing to promptly assign to Jones their ownership rights in certain life insurance policies on Jones’s life. The record indicates that Jones lost the coverage provided by those policies and cannot obtain a reinstatement of coverage.
Jones also averred that the defendants’ failure to timely assign the policies was a deliberate interference with his contractual *191 relationships with the life insurance provider.[1]
This appeal presents the issue whether the first lawsuit, seeking rescission of the April 1987 agreement, was res judicata as to this case. Both cases relate to the same agreement.
Jones argues that the first lawsuit is not res judicata. He says that the first lawsuit was an action based, as it related to the agreement, on purported acts of duress and coercion that induced the agreement. He says that the present action is based on wholly separate and subsequent acts, more particularly, acts in breach of the agreement. He argues that these two actions, while touching on the same agreement, did not ari§e out of the same nucleus of operative facts.[2]
However, the parties fail to recognize that the trial court’s order indicated that, irrespective of the res judicata issue, the defendants would be entitled to a judgment in any event. We agree.
The crux of Jones’s damages claims relates to a loss of the coverage that was to be assigned under the agreement. The trial court stated:
“The basis for the ... summary judgment is as follows: [The] plaintiff was aware in April of 1987 of the imminent expiration of the policies. Efforts were made in June 1987 to obtain assignment. [The] [p]laintiff made no effort to inquire as to whether the policies had been sent, received or assigned after June 1987. Further, plaintiff cannot be said to have expected someone else was paying the premiums and there is no evidence that plaintiff attempted to pay the premiums. Finally, in December 1987, plaintiff filed suit (wherein [the] [defendants’ basis for res judicata arises). [The] [p]laintiff further made no inquiry as to premiums nor attempts to pay same, up to and including the [time of the] filing of this case in 1990.”
It is undisputed that Jones does not have coverage because his coverage lapsed in June 1987 because of his failure to pay premiums. It is also undisputed that pursuant to the April 1987 agreement, Jones was fully responsible for making the premium payments. Thus, irrespective of the defendants’ actions regarding the assignment, the coverage lapsed because of an omission on the part of Jones.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.

. Jones also alleged a breach of a provision of the agreement relating to promises not to compete. The defendants moved for a summary judgment as to Jones’s "complaint.” However, the record does not indicate that this claim was adjudicated. Although the trial court stated in its summary judgment order that the "defendants are hereby dismissed with prejudice" and "summary judgment is granted” it is evident from the record that the trial court was entering a summary judgment only as to the claims relating to life insurance coverage. We note also that the trial court’s order expressly made its judgment final pursuant to Ala.R.Civ.P. 54(b), which deals with orders relating to fewer than all claims presented.

. For a discussion of res judicata, see Robinson v. Holley, 549 So.2d 1 (Ala.1989).