620 So.2d 976 (1993)
Robert L. SMITH
v.
SCOTT PAPER COMPANY.
1911108.
Supreme Court of Alabama.
February 5, 1993.
Order Overruling Application for Rehearing April 30, 1993.
Andrew T. Citrin, Robert T. Cunningham, Jr. and David G. Wirtes, Jr. of Cunningham, Bounds, Yance, Crowder and Brown, Mobile, for appellant.
Broox G. Holmes, Robert J. Mullican and Clifford C. Brady of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, for appellee.
STEAGALL, Justice.
The plaintiff, Robert L. Smith, appeals from a summary judgment entered in favor of the defendant, Scott Paper Company, in an action alleging fraud and the tort of outrage.
Scott Paper had denied Smith's claim for worker's compensation benefits and, in a previous lawsuit by Smith against Scott Paper, the trial court had entered a judgment awarding Smith the benefits. Smith then filed this action; the trial court entered a summary judgment in favor of Scott Paper, holding that Smith's claims arose out of the same nucleus of operative facts as his earlier worker's compensation *977 claim and that, by not bringing these claims in the first action, Smith was barred by the doctrine of res judicata from bringing the claims in this case.
Smith appeals, arguing that the worker's compensation action was not based upon the same cause of action as this tort action and that the doctrine of res judicata therefore does not bar the claims in this case. Smith argues that his worker's compensation case did not encompass all of the issues raised in this case and that the evidence and the burden of proof in a worker's compensation case do not support a recovery on the claims in this case.
The elements of res judicata are (1) a final judgment on the merits (2) rendered by a court of competent jurisdiction (3) with substantially the same parties and (4) with the same cause of action presented in both cases. Crutcher v. Wynn, 591 So.2d 453 (Ala.1991). Smith concedes that the first three elements of res judicata are present in this case; therefore, the question before this Court is whether the same cause of action is presented in this case as was presented in the worker's compensation case.
In Patrick v. Femco Southeast, Inc., 590 So.2d 259 (Ala.1991), this Court stated that the issues of fact and law in a worker's compensation case are entirely different from those in a fraud action and that the trier of fact in a fraud action and that in a worker's compensation action, and the evidence to support or refute a fraud claim and that necessary to support or refute a worker's compensation claim are different. In the instant case, the issues of law and fact regarding the fraud and outrage claims are different from those presented in the worker's compensation case and, as in Patrick, the trier of fact in this case is different from that in the worker's compensation case, and the evidence necessary to support or refute the fraud and outrage claims is different from the evidence necessary to support or refute the worker's compensation claims.
Initially we hold, therefore, that Smith's present claims are not barred by the doctrine of res judicata. A correct judgment, however, will not be reversed even if the trial court has based it on the wrong reasons. Boykin v. Magnolia Bay, Inc., 570 So.2d 639 (Ala.1990).
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. Ala.Code 1975, § 12-21-12. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material fact. Betts v. McDonald's Corp., 567 So.2d 1252 (Ala.1990). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In order to sustain his fraud claim based on misrepresentation, Smith must present substantial evidence (1) that Scott Paper had a duty to speak the truth, (2) that it falsely represented to him a material existing fact, whether intentionally, recklessly, or innocently, (3) that he relied upon the false representation, and (4) that he suffered loss or damage proximately resulting from the false representation. Smith v. MBL Life Assur. Corp., 589 So.2d 691 (Ala.1991).
In order to sustain his claim of outrage, Smith must present substantial evidence that Scott Paper, "by extreme and outrageous conduct intentionally or recklessly" caused him to suffer "severe emotional distress." American Road Service Co. v. Inmon, 394 So.2d 361, 365 (Ala. 1980); see, also, Gray v. Liberty National Life Ins. Co., [Ms. 1911246, July 30, 1993], 1993 WL 283888 (Ala.1993), and Bailey v. Avera, 560 So.2d 1038 (Ala.1990).
"`Extreme conduct' is defined as conduct so outrageous in character and so extreme *978 in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. The extreme conduct must result in emotional distress so severe that no reasonable person could be expected to endure it."
Gray v. Liberty National Life Ins. Co., 1993 WL 283888, *3; see American Road Service Co. v. Inmon, at 365.
The record shows that Smith failed to present substantial evidence in support of his fraud and outrage claims and thus did not refute Scott Paper's prima facie showing that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law on these claims. See Rule 56. The trial court's judgment is affirmed.
AFFIRMED.
MADDOX, ALMON and ADAMS, JJ., concur.
INGRAM, J., concurs in the result.

ON APPLICATION FOR REHEARING
STEAGALL, Justice.
APPLICATION OVERRULED.
ADAMS, HOUSTON and INGRAM, JJ., concur.
ALMON, J., concurs specially on denial of application for rehearing.
MADDOX, J., dissents.
ALMON, Justice (concurring specially on denial of application for rehearing).
On application for rehearing, I have reconsidered the issues presented on original submission, and I would now vote to affirm the summary judgment on the ground of res judicata. The "same cause of action" element for res judicata does not require the same theory of relief to have been presented in the prior action, but only that both actions grow out of "the same nucleus of operative fact." Crutcher v. Wynn, 591 So.2d 453, 454 (Ala.1991), quoting NAACP v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990). If the test for res judicata is met, "any claim that was or could have been adjudicated in the prior action is barred from further litigation." Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala. 1990) (emphasis added); Chandler v. Commercial Union Ins. Co., 467 So.2d 244 (Ala.1985).
In his workers' compensation action, Smith argued that he should receive the additional 10% payment for failure to pay a workers' compensation claim without good cause. Ala.Code 1975, § 25-5-59 (a 1992 amendment raised the additional payment to 15%). In attempting to show that Scott Paper had failed to pay without good cause, Smith introduced evidence that Scott Paper had tried to coerce him into claiming benefits under its accident and sickness ("A & S") insurance, which covered non-work-related injuries, rather than claiming benefits under the workers' compensation law. The court in the workers' compensation action denied the additional 10% payment. The fraud and outrage claims in this case are based on the same alleged attempt to coerce Smith into filing under the A & S coverage. In entering the summary judgment in this case, the court noted the above-stated facts and also noted:
"In the trial of the first lawsuit, Plaintiff even called a co-employee, Leonard Allen, as a witness to show that Scott had attempted to coerce some employees into accepting A & S benefits rather than workman's compensation benefits. This is the same witness named by Plaintiff in his deposition as being a witness to Plaintiff's claim of a `pattern or practice' by Scott as to A & S claims to support Plaintiff's claim of fraud and outrage in this second lawsuit."
The court here also noted, regarding the proceedings in the former action: "By letter dated December 4, 1989, the then attorney for Plaintiff even offered to settle the fraud and outrage claims which Plaintiff claimed arose out of Scott's February 1989 denial of benefits." See Judge McRae's well-reasoned order, attached as Appendix A to this opinion, for a full statement of the evidence and the court's reasons for granting the motion.
*979 In Patrick v. Femco Southeast, Inc., 590 So.2d 259 (Ala.1991), Patrick was fired after he claimed workers' compensation benefits. He filed an action alleging wrongful termination, and Femco counterclaimed, alleging fraud. Patrick argued that the counterclaim should have been filed in his workers' compensation action and thus was barred by res judicata. The Court disagreed:
"Femco's claim alleging fraud, misrepresentation, and suppression of a material fact did not arise out of the same operative facts as Patrick's workman's compensation case; the issues of fact and law in a workman's compensation case are entirely different from those in a fraud action; the trier of fact in these two claims is not the same; and the evidence to support or refute Patrick's claim and the evidence to support or refute Femco's counterclaim are also different."
590 So.2d at 261 (emphasis added). The basis of Femco's fraud claim does not appear in the opinion; it does not appear to have been related to Patrick's claim for workers' compensation benefits. In any event, Femco made a showing that it did not discover the fraud until long after the workers' compensation claim had been adjudicated.
Here, by contrast, the fraud and outrage claims are directly related to the denial of workers' compensation benefits and are virtually identical to the claim, litigated in the workers' compensation action, that Scott Paper delayed payment without good cause.[2] The statement in Patrick that the trier of fact is not the same does give me some pause. A workers' compensation claimant is not given a trial by jury except on the question of whether his own willful misconduct caused his injury, if the employer raises that defense. Ala.Code 1975, § 25-5-81(a)(2). However, Smith could still have joined his workers' compensation, fraud, and outrage claims in one complaint and received a jury trial as to the latter two claims. See Rule 18, Ala.R.Civ.P. See Lowman v. Piedmont Executive Shirt Manufacturing Co., 547 So.2d 90 (Ala. 1989), which held that Lowman's claims alleging fraud, conspiracy to defraud, and outrage were not barred by the exclusivity provisions of the Workers' Compensation Act, but that those provisions required proof of the tort claims by clear and convincing evidence. "In her complaint, Ms. Lowman also included a claim for further workers' compensation benefits, alleging that her disability had become permanent." 547 So.2d at 92.
For the foregoing reasons, I now would hold that the trial court correctly held that the doctrine of res judicata bars this action. I therefore concur to overrule the application for rehearing.

APPENDIX A

"ORDER AND JUDGMENT [OF THE TRIAL COURT]
"This cause comes before the Court on the Motion for Summary Judgment by Scott Paper Company (hereinafter `Scott'). The basis of Scott's motion is that the *980 claims made by Plaintiff in this suit are barred by the doctrine of res judicata due to the June 11, 1990 judgment of this Court in an earlier lawsuit between Plaintiff and Scott. Scott's position is that the earlier judgment for Plaintiff in a lawsuit for workman's compensation benefits bars Plaintiff's claims in this second lawsuit in which Plaintiff seeks damages from Scott based on alleged wrongful conduct in the denial of those benefits or an alternative accident and sickness benefit for non-job-related injuries for the same incident. The thrust of Plaintiff's position is that the motion should fail because there is ample evidence of fraudulent/outrageous mishandling of Plaintiff's claims for these benefits and the claim in the first lawsuit is not the same `cause of action' as the claims in this lawsuit.
"In ruling on a Motion for Summary Judgment based on res judicata the Court does not weigh the evidence alleged to support the claims made in the second lawsuit, but considers whether the claims made in both lawsuits arise out of the same nucleus of operative facts. If the claims in both lawsuits arise out of the same `nucleus of operative fact' then res judicata applies not only to the precise legal theory or claim presented in the prior case but to all legal theories and claims brought in the second lawsuit between the same parties which could have been brought in the first lawsuit.
"With this in mind the Court upon consideration of the arguments, extensive briefs and matters of record finds and determines as follows:

"FINDINGS OF FACT
"1. On October 3, 1988, Plaintiff sustained a sprained back while working for Scott. He reported the injury to Scott as a workman's compensation claim and Scott treated the injury as a workman's compensation claim and paid Plaintiff's medical bills and lost time from employment. Plaintiff was on light duty for a few days but on October 10, 1988 was asymptomatic and returned to work with no restrictions.
"2. Until January 10, 1989, Plaintiff continued to work for Scott full time plus additional overtime and had no new injury. On January 10, 1989, Plaintiff went to his physician and was diagnosed as having a herniated disc. Plaintiff reported this back condition to Scott on January 14, 1989 and applied for workman's compensation benefits.
"3. After medical and factual investigation, Scott notified Plaintiff on February 8, 1989 that workman's compensation benefits were denied because the January 1989 back problem was not related to the October 3, 1988 work incident.
"4. On February 10, 1989, Plaintiff applied in a written form to Scott for Accident and Sickness (A & S) benefits which is a plan for coverage of disability caused by non-work related injury or sickness. Plaintiff had made several prior A & S claims for sickness or injury in which Plaintiff stated on the forms that the injury or sickness was not work-related and these claims were paid by Scott. Plaintiff also had prior workman's compensation claims paid by Scott. Plaintiff was aware in February 1989 that the A & S benefits was only for non-work-related injury or sickness. Nevertheless, Plaintiff put on his February 10, 1989 application for A & S benefits that his January 1989 back problem was work-related. The A & S claim was denied because Plaintiff stated on the claim form that his January back problem was work-related. Plaintiff alleges that on or about February 10, 1989, Scott attempted to coerce him to change the A & S form to say that his back problem was not job related. If there was attempted coercion it failed because the Plaintiff refused to change the A & S form.
"5. Plaintiff did not work from January 16, 1989 through May 21, 1989 when he returned to work full time. Plaintiff filed his first lawsuit in this Court against Scott on March 3, 1989 styled Robert Smith v. Scott Paper Company, CV-89-0724. This first lawsuit claimed workman's compensation benefits and a § 25-5-59, Code of Ala. [1975,] penalty for Scott's alleged failure to pay compensation without good cause.
*981 "6. During the pendency of the first lawsuit, Plaintiff through his then attorney acknowledged the existence of tort claims for fraud and outrageous conduct because of Scott's denial of workman's compensation benefits and accident and sickness benefits. By letter dated December 4, 1989, the then attorney for Plaintiff even offered to settle the fraud and outrage claims which Plaintiff claimed arose out of Scott's February 1989 denial of benefits. Plaintiff asserted in the first lawsuit as he does in this lawsuit that he was forced to file bankruptcy because Scott denied benefits in February 1989.
"7. It is undisputed that the facts and alleged wrongful conduct for which Plaintiff makes the claims in this lawsuit occurred before the first lawsuit was filed.
"8. The transcript of Plaintiff's first trial of April 1990, shows that Plaintiff's then attorney stated to the Court that Scott attempted to coerce Plaintiff into changing his February 10, 1989 A & S claim form to state that his injury was not work-related so that Scott would only be required to pay A & S benefits rather than workman's compensation benefits. The gravamen of Plaintiff's complaint in this second lawsuit is that Scott attempted to coerce Plaintiff to accept A & S benefits instead of workman's compensation and that failure to pay benefits for the January back problem was fraudulent and outrageous. In the second lawsuit complaint, as amended, Plaintiff alleges Scott's conduct was `part of a pattern or practice ... of intentional wrongful conduct....' The transcript of the trial in the first lawsuit also shows that it was Plaintiff's position that Scott `has a pattern or practice of trying to get these employees to sign on what's called A & S.'
"9. In the trial of the first lawsuit, Plaintiff even called a co-employee, Leonard Allen, as a witness to show that Scott had attempted to coerce some employees into accepting A & S benefits rather than workman's compensation benefits. This is the same witness named by Plaintiff in his deposition in this second lawsuit as being a witness to Plaintiff's claim of a `pattern or practice' by Scott as to A & S claims to support Plaintiff's claim of fraud and outrage in this second lawsuit.
"10. On June 11, 1990, judgment was entered by the Court in favor of Plaintiff in Plaintiff's first lawsuit and Scott paid and continues to pay workman's compensation benefits to Plaintiff for the back problem which Plaintiff reported in January, 1989. Although he Court entered judgment in favor of Plaintiff in his first lawsuit, the Court denied Plaintiff's claim for the 10% penalty for failure to pay compensation without good cause.
"11. On October 3, 1990, Plaintiff filed this second lawsuit claiming that Scott was guilty of outrageous conduct in denying these same workman's compensation benefits and A & S benefits. Plaintiff amended his complaint to state an additional claim for fraud which he also claims arose out of the same denial of benefits to Plaintiff during his temporary disability from January 14, 1989 to May 16, 1989.
"12. The facts alleged by Plaintiff in this second lawsuit to constitute fraud and outrage were in existence, known by and available to Plaintiff and his counsel before and during the pendency of his first lawsuit against Scott.

"CONCLUSIONS OF LAW
"1. In order for a judgment in a prior suit to bar a subsequent lawsuit, the following elements should be present: (a) the question of fact must have been litigated and determined by a court of competent jurisdiction; (b) a final judgment must have been rendered on the merits; (c) the parties to both suits must be substantially identical; and (d) the same cause of action must have been presented in both suits. Hughes v. Martin, 533 So.2d 188 (Ala.1988); Robinson v. Holley, 549 So.2d 1 (Ala.1989). If these elements are present then any issue that was, or could have been, adjudicated in the prior lawsuit is barred by the doctrine of res judicata. Robinson v. Holley, supra; Waters v. Jolly, 582 So.2d 1048 (Ala. 1991).
"2. The four elements required by the doctrine of res judicata are present in this *982 case. Plaintiff's first lawsuit was litigated in and determined by a court of competent jurisdiction. A final judgment was rendered on the merits of the claim Plaintiff chose to bring at that time. The parties to this lawsuit are identical to the parties in Plaintiff's first lawsuit. Furthermore the same cause of action is present in both lawsuits.
"3. The same cause of action exists when `the same evidence is applicable in both actions.' Hughes v. Martin, 533 So.2d 188 (Ala.1988). The evidence applicable in Plaintiff's first lawsuit, while not as extensive as the evidence required to sustain the fraud and outrage claims, is evidence that is applicable in this lawsuit. In his first lawsuit, Plaintiff presented evidence applicable to the claims he asserts in this case. Res judicata bars all legal theories and claims, whether or not asserted in a previous lawsuit, that arise out of the same nucleus of operative fact. Crutcher v. Wynn, 591 So.2d 453 (Ala.1991). Plaintiff's cause of action arises out of Scott's denial of benefits to the Plaintiff. This `nucleus of operative fact,' i.e., the denial of benefits to the Plaintiff, gives rise to one cause of action. Robinson v. Holley, 549 So.2d at 2.
"4. In this case, Plaintiff's claims for [a penalty for denial of] workman's compensation benefits, outrageous conduct, and fraud all arise out of the denial of benefits by Scott for the same back problem and work incident. Plaintiff has one cause of action for the claims and legal theories that arise out of the denial of those benefits. Plaintiff cannot split his claims into more than one lawsuit. Because the cause of action has been litigated and those benefits accepted by Plaintiff, Plaintiff is now barred by the doctrine of res judicata from asserting additional claims for fraud and outrageous conduct that arise out of the denial of benefits. Crutcher v. Wynn, 591 So.2d at 454; Robinson v. Holley, 549 So.2d at 3.
"5. When all the elements of res judicata are present, any claim that was or could have been litigated is barred from further litigation. Martin v. Hughes, supra; Crutcher v. Wynn, supra. The fact that Plaintiff elected not to bring his fraud and outrageous conduct claims in his first lawsuit does not prohibit the application of the doctrine of res judicata to these claims. See, Chandler v. Commercial Union Insurance Company, 467 So.2d 244 (Ala. 1985); Robinson v. Holley, supra. Plaintiff could have brought his claim for fraud and outrageous conduct in his first lawsuit along with his claim for workman's compensation. See, Lowman v. Piedmont Shirt Manufacturing Co., 547 So.2d 90 (Ala.1990). The record shows that Plaintiff's claims for fraud and outrageous conduct arose out of the same nucleus of operative fact as his workman's compensation claim. The record also shows that during the pendency of Plaintiff's first lawsuit, the Plaintiff was aware of his tort claims for fraud and outrageous conduct and even offered to settle those claims. By electing not to bring these claims which could have been litigated in his first lawsuit, Plaintiff is now barred by the doctrine of res judicata from bringing these claims in this lawsuit.
"In consideration of the foregoing, it is the opinion of this Court that [Defendant's] Motion for Summary Judgment is well taken and should be granted.
"NOW THEREFORE, it is ORDERED, ADJUDGED and DECREED:
"1. That the Motion for Summary Judgment is granted;
"2. That judgment be, and hereby is, entered in favor of the Defendant Scott Paper Company and against Plaintiff;
"3. That costs be taxed to Plaintiff."

APPENDIX B

"MOTION FOR SUMMARY JUDGMENT
"Comes now Defendant, Scott Paper Company, and moves the Court to enter, pursuant to Rule 56 of the Alabama Rules of Civil Procedure, summary judgment in the Defendant's favor ... on the ground that there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law.
*983 "As grounds for its Motion for Summary Judgment, the Defendant will show unto the Court that the Plaintiff is barred from bringing this action by doctrines of res judicata, judgment estoppel and collateral estoppel.
"In support of this motion, Defendant files the pleadings in this case; pleadings, judgment and portions of trial transcript in the case entitled Robert Smith v. Scott Paper Company, CV-89-724 in the Circuit Court of Mobile County, Alabama; the deposition of Robert L. Smith taken in this case; correspondence attached hereto as Exhibits `A' and `B'; and Brief in Support of the Motion for Summary Judgment which will be filed prior to oral argument.
"The Defendant respectfully requests oral argument."
MADDOX, Justice (dissenting).
On original submission, I concurred in the affirmance of the judgment entered in favor of the defendant, Scott Paper Company, on Smith's claims of fraud and outrage, because of the reasons stated in that opinion.
I am still of the opinion that this Court, on original submission, correctly held that Smith's tort claims were not barred by the doctrine of res judicata because they arose out of the same operative facts as Smith's workers' compensation claim. Patrick v. Femco Southeast, Inc., 590 So.2d 259 (Ala. 1991). In Patrick, I believe that the Court stated that the issues of fact and law in a workers' compensation case are entirely different from those in a fraud action and that the trier of fact in a workers' compensation case and the evidence required to support or refute a fraud claim in a workers' compensation case, are not the same as those in a fraud case.
On original submission, however, this Court affirmed the summary judgment on the ground that Smith had failed to present substantial evidence in support of his fraud and outrage claims to refute Scott Paper's prima facie showing that there was no genuine issue of material fact.
On application for rehearing, I have become convinced, after reading Smith's brief, that the only issue this Court should have decided on original submission was the question of the propriety of the summary judgment on Scott Paper's defense of res judicata. Therefore, I must disagree with the Court's refusal to grant rehearing and reverse the action of the trial court.[1]
NOTES
[2] It may well be that even in the absence of res judicata Smith could not present substantial evidence of fraud or outrage. After Scott Paper denied his workers' compensation claim, he filed an A & S claim, but indicated on the claim form that the injury was job-related. The alleged coercion by Scott Paper was in its suggestion that he state on the A & S claim that the injury was not job-related. It appears that Scott Paper was simply consistently taking the position that the injury was not job-related. The court held in the workers' compensation action that the delay in payment was not without good cause, and this holding appears to substantiate that Scott Paper had a colorable defense to the claim of a job-related injury. Thus, I see no basis for a finding of fraud or outrage.

However, Smith argues forcefully on rehearing that the summary judgment motion raised only the res judicata issue (see Appendix B to this opinion); that the parties joined issue only on this question, not on the merits; that Smith therefore did not introduce evidence on the merits; and that the affirmance issued by this Court therefore deprives him of property without due process. I note that Smith introduced a great deal of evidence in support of his argument that res judicata did not bar this action. That evidence might suffice to establish that Scott Paper is entitled to a judgment as a matter of law, but because Smith argues rather persuasively that the merits of his claim are not presented in the posture of this appeal, I have re-examined the res judicata question.
[1] I cannot agree with the special concurring views of Justice Almon that Smith's tort claims arose out of the same operative facts as his workers' compensation claim.