The appellant, Leotis Reese, was convicted of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. The victim was his wife. He was sentenced to two years in the state penitentiary.
At trial, the state's attorney placed the victim on the stand. She testified that a girl from Florida had beaten her, and that her husband, the appellant, was innocent. The state sought to treat the victim as a hostile witness, so that it could ask leading questions, and the court ruled that the victim could be treated as a hostile witness. The state produced two witnesses who impeached the victim's testimony and said that she had told them that the appellant had assaulted her.
At the close of the state's case, the appellant moved for a judgment of acquittal, contending that there was no substantive evidence connecting him to the crime. The motion was denied.
 I
The appellant contends on appeal that the court erred in receiving into evidence the testimony of the two witnesses who impeached the victim's testimony. He further contends that he was unlawfully convicted based on the testimony of two witnesses, whose testimony, he says, did not provide substantive evidence of his guilt.
This case is controlled by Patrick v. Femco Southeast Inc.,590 So.2d 259 (Ala. 1991), in which the Court held that a prior statement of a witness could not be used as substantive evidence where the witness was not under oath at the time that the prior statement was made. The Alabama Supreme Court inPatrick stated:
 " 'Whenever the declarant testifies at [a] trial or hearing, and is subject to cross-examination concerning the statement, then any inconsistent statement given under oath subject to penalty of perjury at a trial, hearing, or other proceeding or in a deposition has substantive . . . import in the case.' C. Gamble, McElroy's Alabama Evidence § 159.02(4) (4th ed. 1991). In the present case, [the declarant] did not testify under oath as to any matters claimed by [the appellant]; thus, the statement will not be treated as substantive evidence. In fact, [the declarant] claims that he never made any statement that [the appellant] alleges he made. If a witness denies having made a prior statement, the alleged *Page 128 
statement cannot be shown from testimony of other witnesses. Carroll v. State, 473 So.2d 1219, 1225
(Ala.Cr.App. 1985)."
590 So.2d at 261-62.
The court erred in denying the appellant's motion for a judgment of acquittal. Because no other evidence was offered to identify the appellant as the perpetrator of the crime, the judgment of conviction is due to be reversed and a judgment rendered in his favor because without this evidence, the state has failed to make a prima facie case.
 II
The appellant further contends that any retrial on the assault charge is barred by the Fifth Amendment protection against double jeopardy if the case against him is reversed and rendered based on insufficient evidence. We agree.
The Double Jeopardy Clause of the Fifth Amendment bars a retrial where an appellant's conviction is reversed on the ground that the evidence was insufficient to support the jury's verdict. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978). However, there is an exception to this rule. When an appellant's conviction is reversed because evidence was erroneously received at trial, a retrial is permitted "even where the court also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction." Fortier v. State, 564 So.2d 1041, 1042-1043
(Ala.Cr.App.), cert. denied, 564 So.2d 1043 (Ala. 1990), citingLockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265
(1988).
This court was confronted with a similar situation inHull v. State, 607 So.2d 369 (Ala.Cr.App. 1992), where it held that the "inadmissible evidence" exception was not applicable to the facts of the defendant's case. In Hull, the defendant's conviction had been reversed in a previous appeal because the testimony of the only eyewitness had been tainted by a suggestive pretrial identification procedure. The defendant was retried, but his conviction was again reversed after the prosecution reintroduced the eyewitness's testimony, but attempted to rehabilitate it by supplying additional evidence as to the reliability of that testimony. In deciding that a subsequent trial of the defendant was barred by the Double Jeopardy Clause, this court reviewed the distinctions between a reversal for "trial error" and one for "evidentiary sufficiency."
 " 'Burks was careful to point out that a reversal based solely on evidentiary insufficiency has fundamentally different implications, for double jeopardy purposes, than a reversal based on such ordinary "trial errors" as the "incorrect receipt or rejection of evidence." 437 U.S. at 14-16
[98 S.Ct. at 2148-50]. While the former is in effect a finding "that the Government has failed to prove its case" against the defendant, the latter "implies nothing with respect to the guilt or innocence of the defendant," but is simply a determination that "[he] has been convicted through a judicial process which is defective in some fundamental respect." Id. at 15 [98 S.Ct. at 2149].' "
Hull, 607 So.2d at 378, quoting Lockhart v. Nelson,488 U.S. at 40, 109 S.Ct. at 290 (emphasis and brackets added by the court in Lockhart). Because the issue of the eyewitness's testimony had been decided by the court during the first appeal, this court concluded that a retrial would violate the Double Jeopardy Clause.
For the foregoing reasons, any retrial of the appellant on this assault is barred by the Fifth Amendment protection against double jeopardy, which states: "No person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb. . . ." The appellant's conviction is therefore reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur. *Page 129