The appellant, Jeffery Carl Lindley, was convicted of one count of first degree assault, three counts of second degree assault, and one count of the criminal use of a noxious substance. The appellant was sentenced to 18 years' imprisonment for the conviction for first degree assault, 10 years' imprisonment for each conviction for second degree assault, and 12 months in the country jail for the conviction for the criminal use of a noxious substance. The sentences were to be served concurrently.
The appellant's convictions arose out of charges that he had thrown tear gas bomb into an occupied residence on October 22, 1994, injuring four occupants. The appellant raises several issues on appeal. However, we need address only one issue, because it is disposition of this appeal.
The appellant; contends that the trial court erred in overruling his motion for a judgment of acquittal of all charges on the ground that there was no substantive evidence connecting him to the crime. He argues that he was unlawfully convicted based solely on a prior out-of-court-statement of the state's key witness, whose statement, he says, could not be used as substantive evidence of his guilt.
A prior inconsistent statement of a witness who is not a defendant, although useable for impeachment purposes, cannot be used as substantive evidence of an accused's guilt unless (1) the witness was under oath and subject to the penalty of perjury at the time the prior statement was made, (2) the witness is subject to cross-examination, and (3) the statement was given in an appropriate proceeding, such as a hearing before a grand jury, a prior trial, or a deposition. Hooper v. State, 585 So.2d 137
(Ala. 1990); Reese v. State, 671 So.2d 126 (Ala.Cr.App. 1995). See also C. Gamble, McElroy's Alabama Evidence § 159.02 (1) (5th ed. 1996); Patrick v. Femco Southeast, Inc.,590 So.2d 259, 261-62 (Ala. 1991).[1] Further, where a nonparty witness denies having made a prior statement, the alleged statement cannot be shown from the testimony of other witnesses. Carroll v.State, 473 So.2d 1219, 1225 (Ala.Cr.App. 1985).
In this cases, the trial court allowed the state to treat its own witness, Billy Joe Scott, as a hostile witness.[2] Scott testified that he was a friend of the appellant's and that they had been "drinking buddies" for three or four years. When the prosecutor asked Scott if he remembered the events that took place on October 21, 1994, and in the early morning hours of October 22, 1994, Scott replied that he did not remember. When asked by the prosecutor if he remembered talking to sheriff's investigator Chris Hargett on two occasions at Scott's house on October 28, 1994, Scott replied that he did not. Scott maintained that he had been on a drinking binge from October 21 through October 28, 1984, and claimed that he did not remember anything that happened during that period. The prosecutor then showed Scott a written statement that Scott had allegedly given to Hargett on October 28, 1994. In the statement, Scott alleged that the appellant had appeared at his house less than an hour after *Page 1152 
the tear gas attack on the victims' residence and told Scott that he had thrown a "smoke bomb" through the victims' window. Scott further alleged in the statement that approximately two hours later, he and the appellant drove past the victims' residence, at which time the appellant told him, "I threw a tear gas bomb through the window." Scott's account stated further that shortly thereafter, the appellant pointed his finger at him and warned him that if he were to be questioned by law enforcement authorities, he should tell them that the appellant was at Scott's house all night.
Although Scott testified that he recognized the signature at the bottom of the statement as his own, he claimed to have no memory of making the statement or of Hargett's coming to his home to question him. Upon reading the statement, Scott stated that its contents did not revive his recollection as to what he had told Hargett on October 28, 1994, or of any of the events described in the statement.
The state then called sheriff's investigator Chris Hargett to the stand. Hargett testified that he took a statement from Scott on October 28, 1994. In that statement, said Hargett, Scott alleged that the appellant came to his house shortly after the attack on the victims' residence and told him that he had thrown a smoke bomb through the victims' window and that the appellant later told him that it had been a tear gas bomb. Hargett testified that Scott, showed no signs of intoxication when he gave the statement and did not appear to have any difficulty recalling the events he recounted in the statement. Hargett testified that Scott signed the statement in his presence.
Scott's statement to Hargett was the only evidence presented at trial connecting the appellant to the crime. Although the written statement was admissible as a prior inconsistent statement to impeach Scott's trial testimony, it was not made under oath or in a judicial proceeding. See Hooper, supra; Reese, supra.
However, the state argues that in addition to being admissible for the purpose of impeaching Scott, the statement was admissible on other grounds, specifically, under the doctrine of "past recollection recorded."[3] The state maintains that, because the statement was admissible under this doctrine, it could still be considered substantive evidence of the appellant's guilt. The appellant argued at trial that the statement was not admissible under this doctrine.
"A memorandum or record proven under the doctrine of past recollection recorded constitutes substantive evidence as to the truth of the matter asserted." C. Gamble, McElroy's Alabama Evidence, § 116.03 (5) at 532 (5th ed. 1996). See McKinney v. State, 435 So.2d 1386,1391 (Ala.Cr.App. 1983). In order for written evidence to be admissible under the "past recollection recorded" rule, the witness must testify to the following:
 "`(1) That he personally observed the event or facts referred to in the writing and that the writing was made or seen by the witness either contemporaneously with the event or when his recollection of the event was fairly fresh.
 "`It is not essential, to benefit from past recollection recorded, that the witness himself shall have made the writing. The writing may have been made by another person if the witness saw it when the event recorded was fairly fresh in his memory and he then knew the statements in the writing to be correct.
 "`(2) That he then knew the contents of the writing and knew such contents to be true and correct.
 "`Where the witness testifies that the writing is in his own handwriting, he may testify further that he knows from his general practice in making writings of that kind that what he wrote was true.
 "`(3) That he has no present recollection of the event other than his testimony to the matters stated in 1 and 2 above.'"
Worsham v. Fletcher, 454 So.2d 946, 947 (Ala. 1984), quoting C. Gamble, McElroy's Alabama Evidence, § 116.03 (3d ed. 1977). *Page 1153 
See C. Gamble, McElroy's Alabama Evidence § 116.03 at 528-33 (5th ed. 1996); see also Stewart v. State, 381 So.2d 214, 217-18
(Ala.Cr.App. 1979), cert. denied, 381 So.2d 220 (Ala. 1980);Higdon v. State, 367 So.2d 991, 993-94 (Ala.Cr.App. 1979).
In this case, upon being show his written statement to the sheriff's investigator Hargett, Scott could not testify to an existing knowledge of the facts recounted in the statement. However, Scott also could not testify to an existing knowledge of the facts recounted in the statement. However, Scott also could not testify, as required under the doctrine of past recollection recorded, that he personally observed the facts referred to in the writing (i.e, the fact that the appellant had told him that he had thrown a tear gas bomb into the victims' residence); neither could he testify that at the time the written statement was made, he knew of its contents and knew them to be true. On the contrary, Scott testified that because he had been drinking at the time, he had no memory whatsoever of any events that took place from October 28, 1994, including the appellant's admissions, giving the statement to Hargett, or even meeting Hargett. Therefore, the statement was not admissible under the doctrine of past recollection recorded.
As stated above, Scott's written statement to Hargett was the only evidence presented at trial connecting the appellant to the crime. Because that statement was admissible to impeach Scott's trial testimony but did not constitute substantive evidence of the appellant's guilt and because that statement was not admissible under the doctrine of past recollection recorded, we hold that the trial court erred in overruling the appellant's motion for a judgment of acquittal.
The judgment of conviction is due to be reversed and a judgment rendered in the appellant's favor.
REVERSED AND JUDGMENT RENDERED.
ALL JUDGES CONCUR.
[1] We note that proceeding in this case arose before the effective date of the Alabama Rules of evidence. The new rule regarding prior inconsistent statements by a witness is Rule 801(d)(1)(A), Ala.R.Evid.
[2] The record reflects that before trial, Scott contacted the district attorney's office and stated that he wished not to testify.
[3] The doctrine of past recollection recorded is treated in the Alabama Rules of Evidence at Rule 803(5).